McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Graham Van Leuven, #295599
  *graham.vanleuven@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff AIG Property
Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM H. COSBY and JANICE DICKINSON,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**28 U.S.C. 2201** |

Plaintiff AIG Property Casualty Company ("AIG Property") alleges as follows:

**COMPLAINT FOR DECLARATORY RELIEF**

1. AIG Property brings this action for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Rules 8 and 57 of the Federal Rules of Civil Procedure. AIG Property seeks a judicial determination of the respective rights of the parties under the three insurance policies issued to William H. Cosby, Jr. ("Cosby") for claims of Defamation/Defamation Per Se, False Light, and Intentional Infliction of Emotional Distress arising out of statements Cosby or his alleged representatives allegedly made regarding alleged sexual misconduct, molestation, and/or harassment.

## THE PARTIES

2. Plaintiff AIG Property is a corporation incorporated in the State of Pennsylvania with its principal place of business in New York, New York.

3. Cosby is, and at all times herein mentioned was, an individual who is a citizen and resident of the State of Massachusetts.

4. Upon information and belief, Janice Dickinson ("Dickinson") is, and at all times herein mentioned was, citizen of the State of California domiciled in the County of Los Angeles.

## JURISDICTION AND VENUE

5. The United States District Court for the Central District of California has original jurisdiction over this case under 28 U.S.C. § 1291 and 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and this matter involves citizens of different states.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district consisting of the filing and present maintenance of an action by Plaintiff Dickinson against Defendant Cosby for which Defendant Cosby seeks coverage under policies of insurance issued by Plaintiff.

7. Venue is also proper under 28 U.S.C. §1391(b)(3) as the defendants are subject to the Court's personal jurisdiction with respect to this action since each defendant is already a party to another lawsuit pending in California, and as Dickinson is a resident of California.

8. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

### The Insurance Policies

9. AIG Property issued homeowners policy no. PCG 0006004261 with

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

**COMPLAINT FOR DECLARATORY RELIEF**

1 effective dates of January 1, 2014 to January 1, 2015 written on form no. PCHO
2 (09/06) as modified by various endorsements (hereinafter "Massachusetts Policy"). The
3 Massachusetts policy contains a liability policy limit of $1,000,000. The named
4 insureds are William H. Cosby and Camille Cosby. A true and correct certified copy of
5 the Massachusetts Policy, as redacted to remove private information immaterial to the
6 issues of this case regarding the insured locations and premiums paid, is attached hereto
7 as Exhibit "A".

    10. The Massachusetts Policy provides under the Insuring Agreement for "PART III – LIABILITY" that "[w]e will pay damages an insured person is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world, unless stated otherwise or an exclusion applies." The Massachusetts Policy further provides that "[w]e will pay the costs to defend an insured person against any suit seeking covered damages for personal injury or property damage…."

    11. The term "insured person" is defined by the Massachusetts Policy as:

        a. You or a family member;

        b. An Additional Insured named in the policy;

        c. Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use; or

        d. A spouse. A spouse is a marriage partner. The term spouse also includes an individual registered under state law as a domestic partner of the insured person shown on the Declarations Page.

    12. The term "occurrence" is defined by the Massachusetts Policy as:

        a. A loss or an accident, to which this insurance applies, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3
COMPLAINT FOR DECLARATORY RELIEF

      the Policy Period and results in personal injury or property damage; or

  b.  An offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.

13.  The term "personal injury" is defined by the Massachusetts Policy as:

  a.  Bodily Injury

…

  c.  Shock, emotional distress, mental injury;

  d.  Invasion of privacy;

  e.  Defamation, libel or slander;

…

14.  The Massachusetts Policy contains an Exclusion for "Sexual Molestation or Corporal Punishment that states:

  E.  Exclusions

  This policy does not provide coverage for lia¬bility, defense costs or any other cost or expense for:

…

  9.  Sexual Molestation or Corporal Punishment

  Personal injury arising out of any actual, alleged or threatened by any person:

  a.  Sexual molestation, misconduct or harassment;

  b.  Corporal punishment; or

  c.  Sexual, physical or mental abuse.

…

15.  Additionally, AIG Property issued homeowners policy no. PCG 0006004359 with effective dates of January 1, 2014 to January 1, 2015, written on form

**COMPLAINT FOR DECLARATORY RELIEF**

no. PCHO-CA (09/06), as modified by various endorsements (hereinafter "California Policy"). The California Policy contains a liability policy limit of $1,000,000. The only named insured identified 1500 ******** LLC.[1] A true and correct certified copy of the California Policy, as redacted to remove sensitive information regarding the insured locations and premiums paid, is attached hereto as Exhibit "B".

16. The California Policy provides under the Insuring Agreement for "PART III – LIABILITY" that "[w]e will pay damages an insured person is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world, unless stated otherwise or an exclusion applies." The California Policy further provides that "[w]e will pay the costs to defend an insured person against any suit seeking covered damages for personal injury or property damage…."

17. The term "insured person" is defined by the California Policy as:
    a. You or a family member;
    b. An Additional Insured named in the policy;
    c. Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use; or
    d. A spouse. A spouse is a marriage partner. The term spouse also includes an individual registered under state law as a domestic partner of the insured person shown on the Declarations Page.

18. The term "family member" is defined by the California Policy to mean "a person related to you by blood, marriage or adoption that lives in your household including a ward or foster child."

---

[1] The named insured on this policy is an entity, not Cosby or any person related to Cosby. Included in the name of this entity is an address of property owned by Cosby. The name of this entity has been partially redacted to protect the privacy of Cosby.

19. The term "occurrence" is defined by the California Policy as:
    a. A loss or an accident, to which this insurance applies, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during the Policy Period and results in personal injury or property damage; or
    b. An offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.

20. The term "personal injury" is defined by the California Policy as:
    a. Bodily Injury
    …
    c. Shock, emotional distress, mental injury;
    d. Invasion of privacy;
    e. Defamation, libel or slander;
    …

21. The California Policy contains an Exclusion for "Sexual Molestation or Corporal Punishment that states:

    E.    Exclusions

    This policy does not provide coverage for liability, defense costs or any other cost or expense for:

    …

    9.    Sexual Molestation or Corporal Punishment

    Personal injury arising out of any actual, alleged or threatened by any person:

        a.    Sexual molestation, misconduct or harassment;

        b.    Corporal punishment; or

c. Sexual, physical or mental abuse.

…

22. AIG Property also issued personal excess liability policy no. PCG 0006235889 with effective dates January 1, 2014 to January 1, 2015 written on form no. PEL-MA (03/06) as modified by various endorsements (hereinafter "PEL policy") . The named insureds are "William H. Cosby" and "Camille Cosby." The PEL Policy contains a liability policy limit of $35,000,000. A true and correct certified copy of the PEL Policy, as redacted to remove sensitive information regarding insured locations, vehicles and premiums paid, is attached hereto as Exhibit "C".

23. The PEL Policy provides under the Insuring Agreement for "PART II – WHAT IS COVERED" that "[w]e will pay damages an insured person is legally obligated to pay because of personal injury or property damage caused by an occurrence covered by this policy anywhere in the world:

    a.    In excess of damages covered by the required underlying insurance or the Minimum Required Underlying Limit, whichever is greater; or

    b.    From the first dollar of damages where required underlying insurance either:

        1)    Exists but, coverage does not apply for a particular occurrence; or

        2)    Is not required under this policy and no underlying insurance exists.

24. The PEL Policy further provides under the Insuring Agreement for "PART IV DEFENSE COVERAGE AND CLAIM EXPENSE" that "[w]e will defend an insured person against any suit seeking damages covered by Excess Liability, Limited Employment Practices Liability, or Limited Charitable Board Directors and Trustees Liability under this policy and where:

    1.    The underlying insurance has been exhausted by payment of

claims;

  2. No underlying insurance applies; or

  3. With respect to Limited Charitable Board Directors and Trustee Liability, any applicable Deductible has been exhausted."

25. The term "insured person" is defined by the PEL Policy as:

  a. You or a family member;

  b. An Additional Insured named in the policy;

  c. Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use.

26. The term "occurrence" is defined by the PEL Policy as:

  a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which first results during the Policy Period in bodily injury or property damage; or

  b. An offense, including a series of related offenses, committed during the Policy Period that results in personal injury.

27. The term "personal injury" is defined by the PEL Policy as:

  a. Bodily Injury

  …

  c. Shock, emotional distress, mental injury;

  d. Invasion of privacy;

  e. Defamation, libel or slander;

  …

28. The PEL Policy contains an Exclusion for "Sexual Misconduct" that states:

  B. As respects Excess Liability, the following also

8
**COMPLAINT FOR DECLARATORY RELIEF**

applies:

> This insurance does not provide coverage for liability, defense costs or any other cost or expense:
>
> …
>
> 3. Sexual Misconduct
>
> Arising out of any actual, alleged or threatened:
>
> a. Sexual misconduct, molestation or harassment;
>
> b. Corporal punishment; or
>
> c. Sexual, physical or mental abuse.
>
> …

**The *Dickinson* Lawsuit**

29. On May 20, 2015, Dickinson filed a civil complaint against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.* (hereinafter "*Dickinson v. Cosby*").

30. In the complaint, Dickinson alleges that in or about 1982: (1) Dickinson "received a phone call from [Cosby] asking her to fly to Lake Tahoe, Nevada to meet him"; (2) "Dickinson had dinner with Cosby;" (3) "Dickinson was suffering from menstrual pain;" (4) "Cosby offered her a glass of wine and a pill which [Cosby] represented would help [Dickinson] with cramps;" (5) "Dickinson consumed the pill believing it to be what [Cosby] had represented it to be;" (6) "Cosby deceived [Dickinson] into consuming a narcotic that heavily sedated [Dickinson];" (7) "Cosby intentionally drugged [Dickinson];" and (8) "later that night [Cosby] sexually assaulted

[Dickinson], penetrating [Dickinson] vaginally and anally, without her consent, and leaving semen on her body."

31. Dickinson further alleges that on or about November 18, 2014, "Dickinson disclosed in a television interview that [Cosby] had drugged and raped her."

32. Dickinson also alleges that on or about November 18, 2014, "Cosby issued a press statement about [Dickinson] to the news media" and "through [Cosby's] authorized attorney and agent, made the following purported statements of fact regarding [Dickinson]:

    a. *We are writing regarding your planned story regarding Janice Dickinson's new false and outlandish claims about Mr. Cosby in her recent Entertainment Tonight interview, asserting that he raped her in 1982 (the "Story").*

    b. *That Story is fabricated and is an outrageous defamatory lie....*

    c. *Her new Story claiming that she had been sexually assaulted is a defamatory fabrication...*

    d. *That never happened, just like the alleged rape never happened.*

    e. *Ms. Dickinson completely fabricated the Story of alleged rape.*"

33. In addition, Dickinson alleges that on or about November 19, 2014, Cosby "through his authorized attorney and agent", "published a second statement to the press about [Dickinson]" which "made the following purported statements of fact regarding [Dickinson]:

    a. *"Janice Dickinson's story accusing Bill Cosby of rape is a lie."*

    b. *"Documentary proof and Ms. Dickinson's own words show that her new story about something she now claims happened back in 1982 is a fabricated lie"*

34. Dickinson further alleges that both the November 18 and November 19 statements made by Cosby through his authorized attorney and agent: (1) were "republished by thousands of media entities worldwide"; (2) were "unprivileged as no

litigation had been filed, threatened or contemplated by or between Ms. Dickinson and Defendant Cosby at that time" and "Cosby knew that any actions based on Defendant's drugging and sexual assault of Ms. Dickinson were time barred such that Ms. Dickinson could not bring an action in 2014 for Defendant Cosby's actions in drugging and raping her in 1982"; (3) "had a natural tendency to injure Ms. Dickinson's reputation in the entertainment industry in which she works, and with the public worldwide"; and (4) "were published by Defendant Cosby knowing that they were false".

35. Dickinson also alleges that "Cosby knows that he drugged and raped Ms. Dickinson. He knew that calling her rape disclosure a lie was a false statement" and "[i]n the alternative, the [November 18 and 19 statements by Cosby through his authorized attorney and agent] and each of them were published with reckless disregard as to their falsity."

36. Cosby tendered his defense in the *Dickinson v. Cosby* action to AIG Property under the Massachusetts, California and PEL Policies. Although the claims against Cosby are barred by exclusions in the Massachusetts, California and PEL Policies and the California Policy does not provide liability coverage to Cosby as an "insured person," AIG Property accepted the tender and is defending Cosby against *Dickinson v. Cosby* under the Massachusetts Policy under a reservation of rights. AIG Property also advised Mr. Cosby that he does not qualify as an "insured person" under the California Policy.

## FIRST CAUSE OF ACTION

(Declaratory Relief Against All Defendants As To Non-Coverage For Denials Of Allegations Of Sexual Molestation, Misconduct And Abuse)

37. AIG Property incorporates by reference all of the allegations of paragraphs 1 through 33 as though fully set forth herein.

38. AIG Property alleges that the Massachusetts and California Policies do not provide coverage for the claims asserted in *Dickinson v. Cosby*. The Massachusetts

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

11
COMPLAINT FOR DECLARATORY RELIEF

and California Policies each contain exclusions for "sexual molestation or corporal punishment" which exclude "coverage for liability, defense costs or any other cost or expense" for: "personal injury arising out of any actual, alleged or threatened by any person:" "a. [s]exual molestation, misconduct, or harassment;" "b. [c]orporal Punishment;" or "c. [s]exual physical or mental abuse."

39. AIG Property further alleges the PEL Policy contains an exclusion for "sexual misconduct" which excludes "coverage for liability, defense costs or any other cost or expense:" "[a]rising our of any actual, alleged or threatened:" "a. [s]exual misconduct, molestation or harassment;" "b. [c]orporal punishment; or" "c. [s]exual, physical or mental abuse."

40. The complaint in *Dickinson v. Cosby* alleges that: (1) Cosby "sexually assaulted [Dickinson], penetrating her vaginally and anally, without her consent"; (2) "[o]n or about November 18, 2014", Dickinson "disclosed in a television interview that [] Cosby had drugged and raped her"; (3) Cosby or his agents later published statements denying this "alleged" sexual assault; and (4) these statements denying the "alleged" sexual assault caused injury to Ms. Dickinson for which she seeks compensation in the *Dickinson v. Cosby* action. As such, the alleged injury-causing statements alleged in the *Dickinson v. Cosby* action purportedly made by or on behalf of Mr. Cosby arose out of the purported "actual" or "alleged" sexual molestation of Ms. Dickinson, regardless of whether the alleged sexual molestation, misconduct and/or abuse actually occurred. Accordingly, the above quoted exclusions in paragraphs 35-36 apply to preclude coverage for the claims asserted in *Dickinson v. Cosby*. AIG Property therefore has no obligation to defend or indemnify Cosby under the Massachusetts, California or PEL Policies for the claims asserted and damages alleged in *Dickinson v. Cosby*.

41. An actual controversy has arisen and now exists between AIG Property, on the one hand, and Cosby and Dickinson, on the other hand, with regard to the duties and obligations owed by AIG Property to Cosby on the basis of these exclusions. AIG

MCCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Property contends that it has no duty to defend or indemnify Cosby based on the exclusions for allegations of "sexual molestation or corporal punishment" and "sexual misconduct" which Cosby has denied, which denials give rise to the claims and damages alleged in *Dickinson v. Cosby*. AIG Property is informed and believes, and on such information and belief, alleges that Cosby and Dickinson dispute AIG Property's contentions and assert that these exclusions do not apply to preclude coverage.

42. Due to the actual and present controversy described above, AIG Property requests a judicial declaration of the rights, duties and obligations in regards to the "sexual molestation or corporal punishment" and "sexual misconduct" exclusions with respect to Cosby and potentially Dickinson pursuant to 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION

(Declaratory Relief As to The California Policy Against All Defendants)

43. AIG Property incorporates by reference all of the allegations of paragraphs 1 through 39 as though fully set forth herein.

44. AIG Property alleges that Cosby does not qualify as an "insured person" under the California Policy because the policy is issued to 1500 ******** LLC. and does not afford coverage to any individual. As the allegations in *Dickinson v. Cosby* are only against Cosby, the California Policy does not provide coverage.

45. An actual controversy has arisen and now exists between AIG Property, on the one hand, and Cosby and Dickinson, on the other hand, with regard to the duties and obligations owed by AIG Property to Cosby under the California Policy. AIG Property contends that it has no duty to defend or indemnify Cosby under the California Policy for the claims and damages alleged in *Dickinson v. Cosby* because Cosby does not qualify as an "insured person" under this policy. AIG Property is informed and believes and on such information and belief alleges that Cosby and Dickinson dispute AIG Property's contention and assert that the California Policy provides coverage for Cosby for the claims asserted and damages alleged in *Dickinson v. Cosby*.

46. Due to the actual and present controversy described above, AIG Property

requests a judicial declaration of the rights, duties and obligations under the California Policy with respect to Cosby and potentially Dickinson pursuant to 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

1. WHEREFORE, Plaintiff AIG Property respectfully requests that this Court enter a judgment determining and declaring that:

   a. AIG Property has no duty to defend or indemnify Cosby under homeowners policy no. PCG 0006004359 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909 entitled *Janice Dickinson vs. William H. Cosby Jr.*

   b. AIG Property has no duty to defend or indemnify Cosby under homeowners policy no. PCG 0006004261 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909 entitled *Janice Dickinson vs. William H. Cosby Jr.*

   c. AIG Property has no duty to defend or indemnify Cosby under personal excess liability policy no. PCG 0006235889 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909 entitled *Janice Dickinson vs. William H. Cosby Jr*.

2. Award AIG Property its costs; and

3. Grant such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AIG Property demands trial by jury in this action of all issues so triable.

Dated: June 26, 2015

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner
James P. Wagoner
Lejf E. Knutson
Graham Van Leuven
Attorneys for AIG Property Casualty Company

3459831.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15
**COMPLAINT FOR DECLARATORY RELIEF**