1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  James P. Wagoner, #58553
     *jim.wagoner@mccormickbarstow.com*
3  Lejf E. Knutson, #234203
     *lejf.knutson@mccormickbarstow.com*
4  Graham Van Leuven, #295599
     *graham.vanleuven@mccormickbarstow.com*
5  7647 North Fresno Street
   Fresno, California 93720
6  Telephone:  (559) 433-1300
   Facsimile:   (559) 433-2300
7
   Attorneys for Plaintiff AIG Property
8  Casualty Company

9                UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  AIG PROPERTY CASUALTY         Case No. 2:15-cv-04842-BRO-RAO
    COMPANY,
13                                **AIG PROPERTY CASUALTY**
              Plaintiff,          **COMPANY'S MEMORANDUM OF**
14                                **POINTS AND AUTHORITIES IN**
         v.                       **SUPPORT OF EX PARTE**
15                                **APPLICATION FOR PROTECTIVE**
    WILLIAM H. COSBY, JR. and     **ORDER**
16  JANICE DICKINSON,
                                  Judge:  Hon. Beverly Reid O'Connell
17            Defendants.
                                  Trial Date:    TBD
18                                Courtroom:    14

19

20

21

22

23

24

25

26

27

28

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

## I.   **INTRODUCTION**

Pursuant to Rules 5.2(e) of the Federal Rules of Civil Procedure, AIG Property Casualty Company ("AIG Property") seeks a protective order authorizing it to maintain the redactions in the AIG Property policies attached as exhibits to its complaint in this action.[1]

By way of background, in this action, AIG Property seeks declaratory relief regarding the rights of AIG Property, William H. Cosby, Jr. ("Cosby") and Janice Dickinson ("Dickinson") under homeowners policy no. PCG 0006004261 (the "Massachusetts Policy"), homeowners policy no. PCG 0006004359 (the "California Policy") and personal excess liability policy no. PCG 0006235889 (the "PEL Policy") (collectively "The Policies").

This action arises from an underlying action filed by Dickinson against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.,* ("*Dickinson v. Cosby*"). The action arises out of denials by Cosby and/or his alleged representatives of Cosby's "alleged" sexual misconduct towards Dickinson in 1982. It alleges causes of action for: (1) Defamation/Defamation Per Se; (2) False Light; and (3) Intentional Infliction of Emotional Distress.

The pending action in this Court concerns the application of exclusions in each of the policies for claims for "Personal Injury," defined to include "[d]efamation, libel or slander," arising out of ". . . alleged . . ." "sexual molestation, misconduct, or harassment," and also whether any coverage is provided to Cosby individually under the California Policy. *See* Exhibit "A" Pages 14 and 22-23 of 131, Exhibit "B" Pages 3, 10, and 21 of 46 and Exhibit "C" Pages 13 and 22-23 of 34. Attached as exhibits to the complaint are copies of The Policies from which certain information has been redacted

---

[1] AIG Property recognizes this Court's Standing Order (Dkt. No. 10) requiring all discovery motions to be submitted to the assigned Magistrate Judge. However, as discovery has not yet begun, this Application does not pertain to discovery but rather to the content of exhibits attached to the Complaint.

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

1   consisting of property locations, vehicle identification information and premiums.

2   Complaint ¶'s 9, 15, 22.  No information relating to the extent of personal liability

3   coverage for Cosby has been redacted.

4         The information redacted from The Policies is irrelevant to the issues involved in

5   this action, and there is no basis to justify its disclosure to Dickinson or her attorneys.

6         No other parties have yet appeared in this matter. However, pursuant to Local

7   Rule 5.2-1, AIG Property may be required to provide unredacted versions of the

8   policies at the request of an opposing party or counsel. Because The Policies contain

9   sensitive information identifying property and vehicles owned by Cosby, and premiums

10  paid to AIG Property, the information was redacted to protect Cosby's privacy.

11        This Court should issue a protective order for the sake of preserving Cosby's

12  privacy in the information redacted from The Policies.

13  **II.**   ***EX PARTE* RELIEF IS NECESSARY HERE**

14        *Ex parte* relief is procedurally proper under the circumstances. AIG Property

15  filed its complaint on June 26, 2015, and requested a waiver of service from counsel for

16  Defendants Cosby and Dickinson, respectively. *See* Wagoner Decl. ¶ 6. While counsel

17  for both Defendants responded agreeing to waive service, and counsel for Dickinson

18  has executed a waiver of service, no party, other than AIG Property, has yet made an

19  appearance. *See* Wagoner Decl. ¶¶ 21-22. Cosby, through his counsel, has objected to

20  the disclosure of the redacted information. *See* Wagoner Decl. ¶¶ 10, 16, 19.  However,

21  Dickinson's counsel has requested unredacted copies of The Policies. *See* Wagoner

22  Decl. ¶ 7.

23        Local Rule 5.2-1 requires that "[i]f a redacted version of the document is filed,

24  counsel shall maintain possession of the unredacted document pending further order of

25  the Court or resolution of the action (including the appeal, if any) and shall, at the

26  request of opposing counsel or parties, provide a copy of the complete document."

27  Pursuant to this rule, absent a Court Order pursuant to this Application or otherwise,

28  AIG Property may be required to provide unredacted versions of The Policies to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

1   Dickinson or her counsel, despite Cosby's vigorous opposition to such disclosure for

2   obvious reasons. Given this circumstance, AIG Property is compelled to resort to this

3   *ex parte* application to obtain the necessary relief.

4   **III.   THE PERSONAL INFORMATION IN AIG PROPERTY'S POLICIES**

5   **SHOULD NOT BE DISCLOSED.**

6       "For good cause, the court may by order in a case" "require redaction of []

7   information." F.R.C.P. 5.2(e).

8       The private information redacted from the copies of the policeis attached as

9   exhibits to the Complaint consists of information regarding the location of insured

10  properties, the number and identity of vehicles owned by Cosby and insured by AIG

11  Property under the policies, as well as amounts paid by Cosby for premiums for The

12  Policies. As this action only involves coverage for the alleged personal liability of

13  Cosby to Dickinson, the information redacted from The Policies is irrelevant to the

14  issues involved in this action and there is no basis to justify its disclosure to Dickinson

15  or her attorneys.

16      Information sought for purposes unrelated to a lawsuit should not be discovered

17  by an opposing party. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).

18  While there is a strong presumption of access, *Foltz v. State Farm Mut. Auto. Ins. Co.*

19  331 F.3d 1122, 1135 (9th Cir. 2003), "[t]here is an opportunity, therefore, for litigants

20  to obtain—incidentally or purposefully—information that not only is irrelevant but if

21  publicly released could be damaging to reputation and privacy. The government clearly

22  has a substantial interest in preventing this sort of abuse of its processes." *Seattle Times*

23  *Co.*, 467 U.S. at 35.

24      The Ninth Circuit has previously found that "names [and] addresses" can easily

25  be redacted from records "while leaving other meaningful information." *Foltz v. State*

26  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).   In *Foltz*, the

27  information at issue related to third party privacy interests, but the rationale was the

28  same as this action. *Id.* There, a limited amount of personal information was contained

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

1   in records otherwise containing material relevant to the issues at hand. *Id.*

2   Here, there is a limited amount of personal information contained in the policies,

3   including property locations, vehicle identifications and premiums paid for the policies.

4   In this action, AIG Property seeks declaratory relief as to the rights of itself, Cosby and

5   Dickinson under the personal liability provisions of the Policies.  Those issues have

6   nothing to do with the property or vehicles insured under the policies, much less what

7   premiums were paid for the policies. As such, the redacted information is irrelevant to

8   this action, and if released, could be damaging to the privacy of Cosby.

9   **IV.   THE PROPER VENUE FOR DISCOVERY OF REDACTED**

10  **INFORMATION FROM THE  AIG PROPERTY POLICIES BY MS. DICKINSON IS THE STATE COURT ACTION.**

11  Under the law of California which is applicable to the *Dickinson v. Cosby* action,

12  "[a] party may obtain discovery of the existence and contents of any agreement under

13  which any insurance carrier may be liable to satisfy in whole or in part a judgment that

14  may be entered in the action or to indemnify or reimburse for payments made to satisfy

15  the judgment. This discovery may include the identity of the carrier and the nature and

16  limits of the coverage. A party may also obtain discovery as to whether that insurance

17  carrier is disputing the agreement's coverage of the claim involved in the action, but not

18  as to the nature and substance of that dispute. Information concerning the insurance

19  agreement is not by reason of disclosure admissible in evidence at trial." Cal. Code Civ.

20  Pro. §2017.210.

21  To the extent material, any information regarding "contents" of an agreement

22  between Cosby and AIG Property or any other insurance carrier may properly be

23  sought under the discovery rules of California in the underlying state court action.

24  Dickinson's counsel, Mr. Candappa, has already recognized the availability of

25  procedures in the state court action if Ms. Dickinson continues to seek the redacted

26  information. *See* Wagoner Decl. ¶ 12.

27  Accordingly, at a minimum, the proper forum for the discovery of the redacted

28  information, which is irrelevant to the declaratory relief pending before this Court, is

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

1  the *Dickinson v. Cosby* state court action.

2  **V.     CONCLUSION**

3       For the reasons set forth above, AIG Property respectfully requests that a

4  protective order be issued.

5  Dated: July 7, 2015                          McCORMICK, BARSTOW, SHEPPARD,

6                                                         WAYTE & CARRUTH LLP

7

8                                            By:_____/s/ James P. Wagoner_____

9                                                         James P. Wagoner

10                                                        Lejf E. Knutson

                                                         Graham Van Leuven

11                                               Attorneys for Plaintiff AIG Property

12                                                       Casualty Company

13  3486746.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On July 7, 2015, I served true copies of the following document(s) described as **AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Robert P. LoBue | Represents Defendant, |
| Patterson Belknap Webb & Tyler LLP | WILLIAM H. COSBY |
| 1133 Avenue of the Americas | |
| New York, NY 10036-6710 | |
| Telephone: (212) 336-2596 | |
| Email: rplobue@pbwt.com | |
| | |
| Lisa Bloom | Attorneys for Defendant, |
| Jivaka Candappa | JANICE DICKINSON |
| Nadia Taghizadeh | |
| THE BLOOM FIRM | |
| 20700 Ventura Blvd., Suite 301 | |
| Woodland Hills, CA 91364 | |
| Telephone: (818) 914-7314 | |
| Facsimile: (866) 852-5666 | |
| Email: lisa@thebloomfirm.com | |
| jivaka@thebloomfirm.com | |
| nadia@thebloomfirm.com | |

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is christina.torres@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR PROTECTIVE ORDER

1  Executed on July 7, 2015, at Fresno, California.

2
3  _Christina Torres_
   Christina Torres
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

AIG PROPERTY CASUALTY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF EX PARTE APPLICATION FOR PROTECTIVE ORDER