McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
 jim.wagoner@mccormickbarstow.com
Lejf E. Knutson, #234203
 lejf.knutson@mccormickbarstow.com
Graham Van Leuven, #295599
 graham.vanleuven@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff AIG Property
Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>WILLIAM H. COSBY, JR. and JANICE DICKINSON,<br><br>            Defendants. | Case No. 2:15-cv-04842-BRO-RAO<br><br>**DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER**<br><br>Judge:  Hon. Beverly Reid O'Connell<br><br>Trial Date:    TBD<br>Courtroom:    14 |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

I, JAMES P. WAGONER, declare:

1. I am an attorney at law, licensed to practice law in the State of California and before this Court. I am a member of the law firm of McCormick Barstow Sheppard Wayte & Carruth L.L.P. ("McCormick Barstow"), attorneys of record for AIG Property Casualty Company ("AIG Property") in this action. The facts herein are known to me of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2. This declaration is submitted in support of AIG Property Casualty Company's *Ex Parte* Application for Protective Order re: Partially Redacted Insurance Policies.

3. On June 26, 2015, AIG Property filed its Complaint in this action seeking a judicial determination of the respective rights of AIG Property, William H. Cosby, Jr. ("Cosby") and Janice Dickinson ("Dickinson") with respect to the question of coverage under the AIG Property policies issued to Cosby for his alleged liability to Dickinson as asserted in the action entitled *Janice Dickinson v. William H. Cosby, Jr.*, Los Angeles County Superior Court Case No. BC580909.

4. Attached to the Complaint in this action are three AIG Property insurance policies: homeowners policy no. PCG 0006004261 (the "Massachusetts Policy"), homeowners policy no. PCG 0006004359 (the "California Policy") and personal excess liability policy no. PCG 0006235889 ("PEL Policy") (collectively "The Policies").

5. Certain portions of The Policies, consisting only of property locations, vehicle information and premiums, have been redacted from the copies attached as exhibits to the Complaint in order to protect the privacy of Cosby in the redacted information.

6. On June 26, 2015, Declarant provided a copy of AIG Property's complaint to counsel for Dickinson and Cosby, along with The Policies as redacted exhibits, the civil cover sheet, a notice of interested parties the summons and a waiver of service request for each counsel's respective client.

7. On June 29, 2015, Declarant received a response from Jivaka Candappa, counsel for Ms. Dickinson, informing Declarant that Mr. Candappa would execute the waiver of service of summons and mail it to Declarant's office that week. Mr. Candappa also requested unredacted copies of The Policies. Attached hereto as Exhibit "A" is a true and correct copy of Mr. Candappa's correspondence with Declarant.

8. On June 30, 2015, Nadia Taghizadeh, also counsel for Ms. Dickinson, executed the waiver of service of summons through email. Attached hereto as Exhibit "B" is a true and correct copy of Ms. Taghizadeh's email and attached execution of waiver of summons.

9. On June 29, 2015, Declarant contacted Robert P. LoBue and Martin D. Singer, whom Declarant understands from prior correspondence would be counsel for Mr. Cosby, and solicited their position as his counsel regarding the redacted information.

10. On June 30, 2015, Mr. LoBue requested the continued redaction of the information in The Policies and objected to disclosure of redacted materials to Ms. Dickinson and her counsel. In addition, Mr. LoBue indicated that he would execute a waiver of service. Attached hereto as Exhibit "C" is a true and correct copy of Mr. LoBue's correspondence conveying the request and objection.

11. On June 30, 2015, Declarant advised Mr. Candappa that Cosby's counsel had informed Declarant's office regarding his client's objection to production of unredacted policies.

12. On June 30, 2015, Mr. Candappa responded, informing Declarant that discovery had commenced in the underlying civil case in Los Angeles Superior Court, and that Mr. Candappa could (and would) issues subpoenas in that case. Attached hereto as Exhibit "D" is a true and correct copy of Declarant's correspondence with Mr. Candappa.

13. On July 1, 2015, Declarant contacted counsel for Cosby and Dickinson and requested a conference call regarding a proposed *Ex Parte* Application for a

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

1  protective order authorizing the continued redaction of property locations, vehicle
2  identification and premiums from The Policies.
3    14. Mr. Candappa proposed 10:00 AM PDT on July 2, 2015, for a conference
4  call between counsel for the parties.
5    15. Through email, Mr. LoBue, Mr. Candappa and Declarant arranged a joint
6  conference call regarding the issue of the disclosure of the redacted information and a
7  proposed *Ex Parte* Application.
8    16. In Mr. LoBue's confirmation of the joint conference call, he stated that
9  Defendant Cosby consents to and joins in this Application. Attached hereto as Exhibit
10 "E" is a true and correct copy of the correspondence between Mr. Candappa, Mr.
11 LoBue and Declarant coordinating our conference. Attached hereto as Exhibit "F" is a
12 true and correct copy of the correspondence from Declarant to Mr. Candappa and Mr.
13 LoBue correcting clerical errors in the initial email.
14   17. On July 2, 2015 at 10 AM PDT, Declarant along with Mr. LoBue
15 attempted to confer with Mr. Candappa via the previously arranged telephone
16 conference call to discuss the issue of the disclosure of the information redacted from
17 The Policies and a possible *Ex Parte* Application. Mr. Candappa did not join in the call
18 despite the prior arrangement. However, during that call, Mr. LoBue informed
19 Declarant that Cosby consented to and wished to join in the proposed Application.
20   18. On July 2, 2015, Declarant proposed a follow up call for 12:30 PM PDT,
21 in an attempt to confer with Mr. Candappa and Mr. LoBue.
22   19. The July 2, 2015, 12:30 p.m. PDT call went forward as scheduled. At the
23 beginning of that call, Declarant advised Mr. LoBue and Mr. Candappa that its purpose
24 was to discuss the possibility of this *Ex Parte* Application, and to hopefully resolve the
25 issue of the partially redacted policies. Mr. LoBue stated that he believed the
26 redactions were proper and indeed he believed that even more of the information could
27 or should have been redacted to protect the privacy of Cosby. Mr. LoBue stated that he
28 believed the redactions consisted of information of a personal nature to Cosby, and that

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

1 none of the redactions have anything to do with the substance of this action.

2    20.   During the call, Mr. Candappa stated that prior to the call, he had only spent about fifteen (15) minutes reviewing AIG Property's complaint, and only three (3) minutes reviewing The Policies. From that review, Mr. Candappa believed that there was important information regarding named insureds redacted from The Policies. In particular, Mr. Candappa stated that he believed that the redaction of the words following "1500" and preceding "LLC" from the name of the insured covered by the California Policy may have included redaction of named insureds who were members of the LLC. After discussion, declarant explained that there were no members of the LLC listed in the California Policy, and that as alleged in the Complaint, the only redactions were of property locations, the identity of vehicles and premiums and that the word between the "1500" and the "LLC" was the street address of the property covered thereby and consequently was redacted.

   21.   During the discussion, Mr. LoBue explained that neither he nor any other attorney had yet appeared as counsel of record for Cosby in this action, but that he was appearing for the conference as a courtesy based on his general representation of Cosby. In response, Mr. Candappa asked why Mr. LoBue was included in the telephone conference and objected to Mr. LoBue's participation as Mr. LoBue had not yet appeared as counsel of record. In response, Mr. LoBue abruptly hung up.

   22.   After hanging up, Mr. LoBue separately emailed Declarant, noting his constraint in the call as well as the fact that Mr. Candappa had also stated in the course of the call that Mr. Candappa was not yet counsel of record in this action. Attached hereto as Exhibit "G" is a true and correct copy of Mr. LoBue's email to Declarant.

   23.   After Mr. LoBue exited the call, Mr. Candappa and Declarant continued the conversation. During that discussion, Declarant asked Mr. Candappa if he would be willing to stipulate that the redactions in The Policies could remain without disclosure until 10 days after all parties had made an appearance in this action.

   24.   Mr. Candappa responded by stating that the only stipulation he would

4
DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1  agree to would be that redactions could be protected from public view, but that he
2  wanted access to the redactions on behalf of his client.

3      25.    As Mr. Candappa would not agree to a stipulation, Declarant asked Mr.
4  Candappa if he would oppose this *ex parte* application.

5      26.    Mr. Candappa expressed that he would not file an opposition or otherwise
6  oppose this *Ex Parte* Application, and wished to clarify that it was unrelated to any
7  substantive reason.

8      27.    Declarant asked Mr. Candappa if there was any immediate need for the
9  redacted information on behalf of his client. Mr. Candappa did not identify any such
10 need.

11     28.    On July 6, 2015, Mr. Candappa, Ms. Bloom, Ms. Taghizadeh, and Mr.
12 LoBue were provided with courtesy drafts of this *ex parte* application and supporting
13 documents via e-mail, and informed of the procedures of ¶ 12 of this Court's Standing
14 Order Re Newly Assigned Cases.

15     29.    On July 7, 2015, Mr. Candappa, Ms. Bloom, Ms. Taghizadeh, and Mr.
16 LoBue were served with this *Ex Parte* Application and supporting documents via e-
17 mail, pursuant to ¶ 12 of this Court's Standing Order Re Newly Assigned Cases.

18     30.    AIG Property, joined by Cosby, now seeks this *ex parte* application for
19 protective order.

20     I declare under penalty of perjury under the laws of the United States that the
21 foregoing is true and correct. Executed on July 7, 2015 at Fresno, California.

23                                                                 /s/ James P. Wagoner
24                                                                James P. Wagoner

25 3487077.1

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5
DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On July 7, 2015, I served true copies of the following document(s) described as **DECLARATION OF JAMES P. WAGONER IN SUPPORT OF AIG PROPERTY CASUALTY COMPANY'S EX PARTE APPLICATION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Robert P. LoBue<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Telephone: (212) 336-2596<br>Email: rplobue@pbwt.com | Represents Defendant,<br>WILLIAM H. COSBY |
| Lisa Bloom<br>Jivaka Candappa<br>THE BLOOM FIRM<br>20700 Ventura Blvd., Suite 301<br>Woodland Hills, CA 91364<br>Telephone: (818) 914-7314<br>Facsimile: (866) 852-5666<br>Email: lisa@thebloomfirm.com<br>jivaka@thebloomfirm.com | Attorneys for Plaintiff,<br>JANICE DICKINSON |

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is christina.torres@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 7, 2015, at Fresno, California.

Christina Torres

Christina Torres

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720