McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  jim.wagoner@mccormickbarstow.com
Lejf E. Knutson, #234203
  lejf.knutson@mccormickbarstow.com
Graham Van Leuven, #295599
  graham.vanleuven@mccormickbarstow.com
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Plaintiff AIG Property
Casualty Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAM H. COSBY and JANICE DICKINSON,<br><br>  Defendants. | Case No. 2:15-cv-04842-BRO-RAO<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT/UNJUST ENRICHMENT/RESTITUTION**<br><br>**28 U.S.C. 2201** |

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff AIG Property Casualty Company ("AIG Property"), by way of this First Amended Complaint, filed as a matter of course within 21 days of the filing of the waiver of service of the Complaint as set forth by Rule 4(d)(4), alleges as follows:

**COMPLAINT FOR DECLARATORY RELIEF**

1.  AIG Property brings this action for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Rules 8 and 57 of the Federal Rules of Civil Procedure. AIG Property seeks a judicial determination of the respective rights of the parties under the three insurance policies issued to William H. Cosby, Jr. ("Cosby") for claims of

Defamation/Defamation Per Se, False Light, and Intentional Infliction of Emotional Distress arising out of statements Cosby or his alleged representatives allegedly made regarding alleged sexual misconduct, molestation, and/or harassment.

## THE PARTIES

2. Plaintiff AIG Property is a corporation incorporated in the State of Pennsylvania with its principal place of business in New York, New York.

3. Cosby is, and at all times herein mentioned was, an individual who is a citizen and resident of the State of Massachusetts.

4. Upon information and belief, Janice Dickinson ("Dickinson") is, and at all times herein mentioned was, a citizen and resident of the State of California domiciled in the County of Los Angeles.

## JURISDICTION AND VENUE

5. The United States District Court for the Central District of California has original jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and this matter involves citizens of different states.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district consisting of the filing and present maintenance of an action by Defendant Dickinson against Defendant Cosby for which Defendant Cosby seeks coverage under policies of insurance issued by Plaintiff.

7. Venue is also proper under 28 U.S.C. §1391(b)(3) as the defendants are subject to the Court's personal jurisdiction with respect to this action since each defendant is already a party to another lawsuit pending in California, and as Dickinson is a resident domiciled in this judicial district.

8. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

### The Insurance Policies

9. AIG Property issued homeowners policy no. PCG 0006004261 with effective dates of January 1, 2014 to January 1, 2015 and January 1, 2015 to January 1, 2016, written on form no. PCHO (09/06) as modified by various endorsements (hereinafter "Massachusetts Policy"). The Massachusetts policy contains a liability policy limit of $1,000,000. The named insureds are William H. Cosby and Camille Cosby. A true and correct certified copy of the Massachusetts Policy for policy period January 1, 2014 to January 1, 2015, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "A". A true and correct certified copy of the Massachusetts Policy for policy period January 1, 2015 to January 1, 2016, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "B".

10. The Massachusetts Policy provides under the Insuring Agreement for "PART III – LIABILITY" that "[w]e will pay damages an insured person is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world, unless stated otherwise or an exclusion applies." The Massachusetts Policy further provides that "[w]e will pay the costs to defend an insured person against any suit seeking covered damages for personal injury or property damage...."

11. The term "insured person" is defined by the Massachusetts Policy as:

    a. You or a family member;

    b. An Additional Insured named in the policy;

    c. Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use; or

    d. A spouse. A spouse is a marriage partner. The term spouse

   also includes an individual registered under state law as a domestic partner of the insured person shown on the Declarations Page.

12. The term "occurrence" is defined by the Massachusetts Policy as:

  a. A loss or an accident, to which this insurance applies, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during the Policy Period and results in personal injury or property damage; or

  b. An offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.

13. The term "personal injury" is defined by the Massachusetts Policy as:

  a. Bodily Injury

  ...

  c. Shock, emotional distress, mental injury;

  d. Invasion of privacy;

  e. Defamation, libel or slander;

  ...

14. The Massachusetts Policy contains an Exclusion for "Sexual Molestation or Corporal Punishment" that states:

  E. Exclusions

  This policy does not provide coverage for liability, defense costs or any other cost or expense for:

  ...

  9. Sexual Molestation or Corporal Punishment

  Personal injury arising out of any actual, alleged or threatened by

any person:

    a.    Sexual molestation, misconduct or harassment;

    b.    Corporal punishment; or

    c.    Sexual, physical or mental abuse.

...

15. Additionally, AIG Property issued homeowners policy no. PCG 0006004359 with effective dates of January 1, 2014 to January 1, 2015 and January 1, 2015 to January 1, 2016, written on form no. PCHO-CA (09/06), as modified by various endorsements (hereinafter "California Policy"). The California Policy contains a liability policy limit of $1,000,000. The only named insured identified is 1500 ******** LLC. A true and correct certified copy of the California Policy for policy period January 1, 2014 to January 1, 2015, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "C". A true and correct certified copy of the California Policy for policy period January 1, 2015 to January 1, 2016, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "D".

16. The California Policy provides under the Insuring Agreement for "PART III – LIABILITY" that "[w]e will pay damages an insured person is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world, unless stated otherwise or an exclusion applies." The California Policy further provides that "[w]e will pay the costs to defend an insured person against any suit seeking covered damages for personal injury or property damage...."

17. The term "insured person" is defined by the California Policy as:

    a.    You or a family member;

    b.    An Additional Insured named in the policy;

    c.    Any person given permission by you or a family member to

      use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use; or

  d. A spouse. A spouse is a marriage partner. The term spouse also includes an individual registered under state law as a domestic partner of the insured person shown on the Declarations Page.

18. The term "family member" is defined by the California Policy to mean "a person related to you by blood, marriage or adoption that lives in your household including a ward or foster child."

19. The term "occurrence" is defined by the California Policy as:

  a. A loss or an accident, to which this insurance applies, including continuous or repeated exposure to substantially the same general harmful conditions, which occurs during the Policy Period and results in personal injury or property damage; or

  b. An offense, to which this insurance applies, including a series of related offenses, committed during the Policy Period that results in personal injury or property damage.

20. The term "personal injury" is defined by the California Policy as:

  a. Bodily Injury

  ...

  c. Shock, emotional distress, mental injury;

  d. Invasion of privacy;

  e. Defamation, libel or slander;

  ...

21. The California Policy contains an Exclusion for "Sexual Molestation or Corporal Punishment" that states:

     E.    Exclusions

This policy does not provide coverage for liability, defense costs or any other cost or expense for:

...

    9.    Sexual Molestation or Corporal Punishment

Personal injury arising out of any actual, alleged or threatened by any person:

    a.    Sexual molestation, misconduct or harassment;

    b.    Corporal punishment; or

    c.    Sexual, physical or mental abuse.

...

22.    AIG Property also issued personal excess liability policy no. PCG 0006235889 with effective dates January 1, 2014 to January 1, 2015 and January 1, 2015 to January 1, 2016, written on form no. PEL-MA (03/06) as modified by various endorsements (hereinafter "PEL policy"). The named insureds are "William H. Cosby" and "Camille Cosby." The PEL Policy contains a liability policy limit of $35,000,000. A true and correct certified copy of the PEL Policy for policy period January 1, 2014 to January 1, 2015, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "E". A true and correct certified copy of the PEL Policy for policy period January 1, 2015 to January 1, 2016, as redacted to remove private information immaterial to the issues of this case regarding the insured locations and premiums paid, is attached hereto as Exhibit "F".

23.    The PEL Policy provides under the Insuring Agreement for "PART II – WHAT IS COVERED" that "[w]e will pay damages an insured person is legally obligated to pay because of personal injury or property damage caused by an occurrence covered by this policy anywhere in the world:

    a.    In excess of damages covered by the required underlying insurance

                or the Minimum Required Underlying Limit, whichever is greater; or

    b.    From the first dollar of damages where required underlying insurance either:

        1)    Exists but, coverage does not apply for a particular occurrence; or

        2)    Is not required under this policy and no underlying insurance exists.

24.    The PEL Policy further provides under the Insuring Agreement for "PART IV DEFENSE COVERAGE AND CLAIM EXPENSE" that "[w]e will defend an insured person against any suit seeking damages covered by Excess Liability, Limited Employment Practices Liability, or Limited Charitable Board Directors and Trustees Liability under this policy and where:

    1.    The underlying insurance has been exhausted by payment of claims;

    2.    No underlying insurance applies; or

    3.    With respect to Limited Charitable Board Directors and Trustee Liability, any applicable Deductible has been exhausted."

25.    The term "insured person" is defined by the PEL Policy as:

    a.    You or a family member;

    b.    An Additional Insured named in the policy;

    c.    Any person given permission by you or a family member to use a vehicle or watercraft covered under this policy with respect to their legal responsibility arising out of its use.

26.    The term "occurrence" is defined by the PEL Policy as:

    a.    An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which first results during the Policy Period in bodily injury or

property damage; or

    b.    An offense, including a series of related offenses, committed during the Policy Period that results in personal injury.

27.    The term "personal injury" is defined by the PEL Policy as:

    a.    Bodily Injury

...

    c.    Shock, emotional distress, mental injury;

    d.    Invasion of privacy;

    e.    Defamation, libel or slander;

...

28.    The PEL Policy contains an Exclusion for "Sexual Misconduct" that states:

    B.    As respects Excess Liability, the following also applies:

This insurance does not provide coverage for liability, defense costs or any other cost or expense:

...

    3.    Sexual Misconduct

Arising out of any actual, alleged or threatened:

    a.    Sexual misconduct, molestation or harassment;

    b.    Corporal punishment; or

    c.    Sexual, physical or mental abuse.

...

## The *Dickinson* Lawsuit

29. On May 20, 2015, Dickinson filed a civil complaint against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.* (hereinafter "*Dickinson v. Cosby*").

30. In the complaint, Dickinson alleges that in or about 1982: (1) Dickinson "received a phone call from [Cosby] asking her to fly to Lake Tahoe, Nevada to meet him"; (2) "Dickinson had dinner with Cosby;" (3) "Dickinson was suffering from menstrual pain;" (4) "Cosby offered her a glass of wine and a pill which [Cosby] represented would help [Dickinson] with cramps;" (5) "Dickinson consumed the pill believing it to be what [Cosby] had represented it to be;" (6) "Cosby deceived [Dickinson] into consuming a narcotic that heavily sedated [Dickinson];" (7) "Cosby intentionally drugged [Dickinson];" and (8) "later that night [Cosby] sexually assaulted [Dickinson], penetrating [Dickinson] vaginally and anally, without her consent, and leaving semen on her body."

31. Dickinson further alleges that on or about November 18, 2014, "Dickinson disclosed in a television interview that [Cosby] had drugged and raped her."

32. Dickinson also alleges that on or about November 18, 2014, "Cosby issued a press statement about [Dickinson] to the news media" and "through [Cosby's] authorized attorney and agent, made the following purported statements of fact regarding [Dickinson]:

    a. *We are writing regarding your planned story regarding Janice Dickinson's new false and outlandish claims about Mr. Cosby in her recent Entertainment Tonight interview, asserting that he raped her in 1982 (the "Story").*

    b. *That Story is fabricated and is an outrageous defamatory lie....*

    c. *Her new Story claiming that she had been sexually assaulted is a*

*defamatory fabrication…*

    d.    *That never happened, just like the alleged rape never happened.*

    e.    *Ms. Dickinson completely fabricated the Story of alleged rape."*

33. In addition, Dickinson alleges that on or about November 19, 2014, Cosby "through his authorized attorney and agent", "published a second statement to the press about [Dickinson]" which "made the following purported statements of fact regarding [Dickinson]:

    a.    *"Janice Dickinson's story accusing Bill Cosby of rape is a lie."*

    b.    *"Documentary proof and Ms. Dickinson's own words show that her new story about something she now claims happened back in 1982 is a fabricated lie"*

34. Dickinson further alleges that both the November 18 and November 19 statements made by Cosby through his authorized attorney and agent: (1) were "republished by thousands of media entities worldwide"; (2) were "unprivileged as no litigation had been filed, threatened or contemplated by or between Ms. Dickinson and Defendant Cosby at that time" and "Cosby knew that any actions based on Defendant's drugging and sexual assault of Ms. Dickinson were time barred such that Ms. Dickinson could not bring an action in 2014 for Defendant Cosby's actions in drugging and raping her in 1982"; (3) "had a natural tendency to injure Ms. Dickinson's reputation in the entertainment industry in which she works, and with the public worldwide"; and (4) "were published by Defendant Cosby knowing that they were false".

35. Dickinson also alleges that "Cosby knows that he drugged and raped Ms. Dickinson. He knew that calling her rape disclosure a lie was a false statement" and "[i]n the alternative, the [November 18 and 19 statements by Cosby through his authorized attorney and agent] and each of them were published with reckless disregard as to their falsity."

36. Dickinson also alleges that on "January 8, 2015, in a stand-up performance

in Ontario, Canada, [Cosby] asked a woman from the audience who had gotten up where she was going. She told him that she was going to get a drink. He replied 'You have to be careful about drinking around me.'" Dickinson alleges that "[t]his comment was intended by [Cosby] to mock, insult, demean and humiliate [Dickinson] and his other accusers."

37. Cosby tendered his defense in the *Dickinson v. Cosby* action to AIG Property under the Massachusetts, California and PEL Policies. Although the claims against Cosby are barred by exclusions in the Massachusetts, California and PEL Policies and the California Policy does not provide liability coverage to Cosby as an "insured person," AIG Property accepted the tender and is defending Cosby in *Dickinson v. Cosby* under the Massachusetts Policy under a reservation of rights. AIG Property has also advised Cosby that he does not qualify as an "insured person" under the California Policy.

38. By letter dated June 25, 2015, AIG Property accepted the tender of defense on behalf of Cosby under the Massachusetts Policy for the policy period of January 1, 2014 to January 1, 2015 pursuant to a reservation of rights. By letter dated August 19, 2015, AIG Property amended and superseded the June 25, 2015 reservation of rights by accepting, under reservation of rights, the tender of defense on behalf of Cosby under the Massachusetts Policy for the policy periods of January 1, 2014 to January 1, 2015 and January 1, 2015 to January 1, 2016. In both letters, AIG Property reserved the right, *inter alia,* to seek recovery from Cosby of all fees and costs incurred in the defense of the *Dickinson v. Cosby* action.

### FIRST CAUSE OF ACTION

(Declaratory Relief Against All Defendants As To Non-Coverage For Denials Of Allegations Of Sexual Molestation, Misconduct And Abuse)

39. AIG Property incorporates by reference all of the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. AIG Property alleges that the Massachusetts and California Policies do

not provide coverage for the claims asserted in *Dickinson v. Cosby*. The Massachusetts and California Policies each contain exclusions for "sexual molestation or corporal punishment" which exclude "coverage for liability, defense costs or any other cost or expense" for: "personal injury," defined to include "defamation, libel or slander," arising out of any ... alleged ... :" "a. [s]exual molestation, misconduct, or harassment; ... or c. [s]exual physical or mental abuse."

41. AIG Property further alleges the PEL Policy contains an exclusion for "sexual misconduct" which excludes "coverage for liability, defense costs or any other cost or expense:" "[a]rising out of any ... alleged ..." "a. [s]exual misconduct, molestation or harassment;... or "c. [s]exual, physical or mental abuse."

42. The complaint in *Dickinson v. Cosby* alleges that: (1) Cosby "sexually assaulted [Dickinson], penetrating her vaginally and anally, without her consent"; (2) "[o]n or about November 18, 2014", Dickinson "disclosed in a television interview that [] Cosby had drugged and raped her"; (3) Cosby or his agents later published statements denying this "alleged" sexual assault; (4) on January 8, 2015, at a stand up performance in Ontario Canada, Cosby made a comment intended by him to "mock, insult, demean and humiliate" Dickinson and Cosby's "other accusers"; and (5) these statements expressly and/or impliedly denying the "alleged" sexual assault caused injury to Ms. Dickinson for which she seeks compensation in the *Dickinson v. Cosby* action. As such, the "alleged" injury-causing statements "alleged" in the *Dickinson v. Cosby* action purportedly made by or on behalf of Cosby, arose out of the "alleged" sexual molestation of Ms. Dickinson, regardless of whether the "alleged" sexual molestation, misconduct and/or abuse actually occurred. Accordingly, the above quoted exclusions in paragraphs 40-41 apply to preclude coverage for the claims asserted in *Dickinson v. Cosby*. AIG Property therefore has no obligation to defend or indemnify Cosby under the Massachusetts, California or PEL Policies for the claims asserted and damages alleged in *Dickinson v. Cosby*.

43. An actual controversy has arisen and now exists between AIG Property, on

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

the one hand, and Cosby and Dickinson, on the other hand, with regard to the duties and obligations owed by AIG Property to Cosby on the basis of these exclusions. AIG Property contends that it has no duty to defend or indemnify Cosby based on the exclusions for allegations of "sexual molestation or corporal punishment" and "sexual misconduct" which Cosby has denied, which denials give rise to the "alleged" claims and damages asserted in *Dickinson v. Cosby*. AIG Property is informed and believes, and on such information and belief alleges, that Cosby and Dickinson dispute AIG Property's contentions and assert that these exclusions do not apply to preclude coverage.

44.  Due to the actual and present controversy described above, AIG Property requests a judicial declaration of the rights, duties and obligations in regards to the "sexual molestation or corporal punishment" and "sexual misconduct" exclusions with respect to Cosby and Dickinson pursuant to 28 U.S.C. § 2201.

## SECOND CAUSE OF ACTION

(Declaratory Relief As to The California Policy Against All Defendants)

45.  AIG Property incorporates by reference all of the allegations of paragraphs 1 through 44 as though fully set forth herein.

46.  AIG Property alleges that Cosby does not qualify as an "insured person" under the California Policy because the policy is issued to 1500 ******** LLC and does not afford coverage to any individual. As the allegations in *Dickinson v. Cosby* are only against Cosby, the California Policy does not provide coverage.

47.  An actual controversy has arisen and now exists between AIG Property, on the one hand, and Cosby and Dickinson, on the other hand, with regard to the duties and obligations owed by AIG Property to Cosby under the California Policy. AIG Property contends that it has no duty to defend or indemnify Cosby under the California Policy for the claims and damages alleged in *Dickinson v. Cosby* because Cosby does not qualify as an "insured person" under that policy. AIG Property is informed and believes, and on such information and belief alleges, that Cosby and Dickinson dispute

AIG Property's contention and assert that the California Policy provides coverage for Cosby for the claims asserted and damages alleged in *Dickinson v. Cosby*.

48. Due to the actual and present controversy described above, AIG Property requests a judicial declaration of the rights, duties and obligations under the California Policy with respect to Cosby and Dickinson pursuant to 28 U.S.C. § 2201.

## THIRD CAUSE OF ACTION

(Reimbursement/Unjust Enrichment/Restitution Re: Defense Fees And Costs Against Defendant Cosby)

49. AIG Property incorporates by reference all of the allegations of paragraphs 1 through 48 as though set forth fully herein.

50. By letter dated June 25, 2015, AIG Property accepted the tender of defense on behalf of Cosby in the *Dickinson v. Cosby* action under the Massachusetts Policy for the policy periods of January 1, 2014 to January 1, 2015 pursuant to a reservation of rights.

51. By letter dated August 19, 2015, AIG Property accepted the tender of defense on behalf of Cosby in the *Dickinson v. Cosby* action under the Massachusetts Policy for the policy periods of January 1, 2014 to January 1, 2015 and January 1, 2015 to January 1, 2016 pursuant to a reservation of rights.

52. AIG Property has no obligation to defend Cosby in the *Dickinson v. Cosby* action as the claims alleged in that action are not covered or are otherwise excluded under the terms of the Massachusetts Policy.

53. AIG Property has acknowledged that it will pay, subject to a reservation of rights and also subject to the limitations of California Civil Code § 2860(c), defense fees and costs on behalf of Cosby in the *Dickinson v. Cosby* action which AIG Property alleges are not covered under the Massachusetts Policy. Cosby has been unjustly enriched by the amount of all defense fees and costs paid or to be paid by AIG Property to defend claims against Cosby in the *Dickinson v. Cosby* action that are not covered and are excluded under the terms of the Massachusetts Policy.

54. Cosby has obtained or will obtain a direct unjust enrichment without any adequate legal basis, and should be required to return that enrichment through the doctrine of restitution. AIG Property therefore seeks reimbursement of all sums paid according to proof to defend Cosby against all claims in the *Dickinson v. Cosby* action pursuant to *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th. 643, 657 - 660 (2005).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AIG Property respectfully requests that this Court enter a judgment:

1. Determining and declaring that:

    a. AIG Property has no duty to defend or indemnify Cosby under homeowners policy no. PCG 0006004359 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.*

    b. AIG Property has no duty to defend or indemnify Cosby under homeowners policy no. PCG 0006004261 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.*

    c. AIG Property has no duty to defend or indemnify Cosby under personal excess liability policy no. PCG 0006235889 in connection with the pending action against Cosby in Los Angeles Superior Court, case no. BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.*

2. Awarding AIG Property an amount according to proof to reimburse AIG Property for attorneys' fees and costs paid by AIG Property to defend Cosby in Los Angeles County Superior Court, case no.: BC580909, entitled *Janice Dickinson vs. William H. Cosby Jr.*

3.     Awarding AIG Property its costs; and

4.     Granting such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AIG Property demands trial by jury in this action of all issues so triable.

Dated: August 20, 2015        McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ James P. Wagoner
James P. Wagoner
Lejf E. Knutson
Graham Van Leuven
Attorneys for AIG Property Casualty Company

3537194.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 20, 2015, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT/UNJUST ENRICHMENT/RESTITUTION** on the interested parties in this action as follows:

| | |
|---|---|
| Kirk Pasich<br>Kim Umanoff<br>Liner LLP<br>1100 Glendon Avenue \| 14th Floor<br>Los Angeles, CA 90024-3518<br>Telephone: 310.500.3500<br>Email: kpasich@linerlaw.com<br>kumanoff@linerlaw.com | Attorneys for Defendant,<br>WILLIAM H. COSBY |
| Lisa Bloom<br>Jivaka Candappa<br>Nadia Taghizadeh<br>THE BLOOM FIRM<br>20700 Ventura Blvd., Suite 301<br>Woodland Hills, CA 91364<br>Telephone: (818) 914-7314<br>Facsimile: (866) 852-5666<br>Email: lisa@thebloomfirm.com<br>jivaka@thebloomfirm.com<br>nadia@thebloomfirm.com | Attorneys for Defendant,<br>JANICE DICKINSON |

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address service is christina.torres@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

COMPLAINT FOR DECLARATORY RELIEF

1  Executed on August 20, 2015, at Fresno, California.

2

3  _____
   Christina Torres

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

**COMPLAINT FOR DECLARATORY RELIEF**