Lisa Bloom, Esq. (SBN: 158458)
Jivaka Candappa (SBN: 225919)
Alan Goldstein (SBN: 296430)
**THE BLOOM FIRM**
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91364
Telephone: (818) 914-7361
Facsimile: (866) 852-5666
Email:  Lisa@thebloomfirm.com
        Jivaka@thebloomfirm.com
        Avi@thebloomfirm.com
Attorneys for Defendant Janice Dickinson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>WILLIAM H. COSBY and JANICE DICKINSON,<br><br>            Defendants. | Case No. 2:15-cv-04842-BRO-RAO<br><br>**DEFENDANT JANICE DICKINSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT/UNJUST ENRICHMENT/RESTITUTION** |

THE BLOOM FIRM

DEFENDANT JANICE DICKINSON'S ANSWER
TO FIRST AMENDED COMPLAINT

*AIG PROPERTY CASUALTY COMPANY v.*
*WILLIAM H. COSBY and JANICE DICKINSON*
CASE NO.: 2:15-CV-04842-BRO-RAO

1

Defendant Janice Dickinson, by and through her undersigned counsel, hereby answers Plaintiff's First Amended Complaint for Declaratory Relief and Reimbursement/Unjust Enrichment/Restitution in the captioned matter as follows:

1. Paragraph 1 references the nature of the Complaint that speaks for itself and no response is required. To the extent a response is required, it is denied.

2. Defendant Dickinson has no basis to know whether Plaintiff AIG Property is a corporation incorporated with its principal place of business in New York, New York. Accordingly, Defendant Dickinson is unable to admit or deny the contents of Paragraph 2.

3. Defendant Dickinson has no basis to know whether Defendant Cosby is a citizen and resident of the State of Massachusetts. Accordingly, Defendant Dickinson is unable to admit or deny the contents of Paragraph 3.

4. Defendant Dickinson admits that she is a citizen of the State of California and domiciled in the County of Los Angeles.

5. Defendant Dickinson admits the controversy exceeds the sum of $75,000. However, Defendant Dickinson does not know if the AIG-initiated litigation involves diverse parties. Accordingly, Defendant Dickinson is unable to admit or deny whether the United States District Court for the Central District of California has original jurisdiction over the case or controversy before this Court.

6. Paragraph 6 of the Complaint is vague and ambiguous as to "substantial part of the events giving rise to this action." To the extent that "events giving rise to this action" pertain to Defendant Cosby's act of making defamatory statements, Defendant Dickinson admits a substantial part of the events occurred in this judicial district. Defendant Dickinson admits filing and maintaining a pending action against Defendant Cosby in this judicial district for claims of defamation, false light, and intentional infliction of emotional distress. Defendant is unable to admit or deny if Defendant Cosby sought coverage under policies of insurance issued by Plaintiff AIG.

THE BLOOM FIRM

DEFENDANT JANICE DICKINSON'S ANSWER
TO FIRST AMENDED COMPLAINT

AIG PROPERTY CASUALTY COMPANY v.
WILLIAM H. COSBY and JANICE DICKINSON
CASE NO.: 2:15-CV-04842-BRO-RAO

2

7. Defendant Dickinson admits Defendant Cosby is party to another lawsuit pending in California. However, Defendant is unable to admit or deny whether Defendant Cosby is subject to the court's personal jurisdiction by virtue of having pending litigation against him in this district. Defendant Dickinson admits she is a resident of California, and therefore subject to the Court's personal jurisdiction, assuming the Court has subject matter jurisdiction over this case.

8. Defendant Dickinson admits that this Court is authorized to enter declaratory judgments. However, because Defendant Dickinson does not know whether all parties to this litigation are diverse, Defendant Dickinson is unable to admit or deny whether this Court has authority over the parties in this particular case.

9. Paragraph 9 references policy provisions that are self-explanatory and no response is required. Without reviewing the un-redacted versions of the Massachusetts Policy, Defendant Dickinson is unable to admit or deny that the redacted portions of the Massachusetts Policy merely remove private information immaterial to the issues of this case.

10. Paragraph 10 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

11. Paragraph 11 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

12. Paragraph 12 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

13. Paragraph 13 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

14. Paragraph 14 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

15. Paragraph 15 references policy information that, other than the redacted information, is self-explanatory and no response is required. Without reviewing an un-redacted version of the California Policy, Defendant Dickinson is unable to admit or

1 deny that 1500 ******** LLC is the only entity or individual covered under the
2 California Policy. For the same reason, Defendant Dickinson is unable to admit or
3 deny that redacted portions of the California Policy merely remove sensitive
4 information regarding insured locations and premiums paid.

16. Paragraph 16 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

17. Paragraph 17 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

18. Paragraph 18 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

19. Paragraph 19 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

20. Paragraph 20 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

21. Paragraph 21 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

22. Paragraph 22 references policy information that is self-explanatory and no response is required. Without reviewing an un-redacted version of the PEL Policy, Defendant Dickinson is unable to admit or deny that redacted portions of the PEL Policy merely remove sensitive information regarding insured locations and premiums paid.

23. Paragraph 23 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

24. Paragraph 24 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

25. Paragraph 25 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

THE BLOOM FIRM

DEFENDANT JANICE DICKINSON'S ANSWER
TO FIRST AMENDED COMPLAINT

*AIG PROPERTY CASUALTY COMPANY v.*
*WILLIAM H. COSBY and JANICE DICKINSON*
CASE NO.: 2:15-CV-04842-BRO-RAO

4

26. Paragraph 26 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

27. Paragraph 27 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

28. Paragraph 28 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

29. Defendant Dickinson admits that on May 20, 2015, Dickinson filed a civil complaint against Cosby in Los Angeles Superior Court, Case No. BC580909, entitled *Janice Dickinson v. William H. Cosby, Jr.*

30. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 30 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

31. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 31 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

32. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 32 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

33. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 33 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

34. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 34 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

35. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 35 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

36. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 36 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

37. Defendant Dickinson denies that "the claims against Cosby are barred by exclusions in the Massachusetts, California and PEL Policies and the California Policy does not provide liability coverage to Cosby as an 'insured person.'"

38. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Against All Defendants as to Non-Coverage of Allegations of Sexual Molestation, Misconduct and Abuse)**

39. Paragraph 39 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

40. Defendant Dickinson denies that the Massachusetts and California Policies do not provide coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.* The claims asserted by Dickinson against Cosby consist only of defamation, false light and intentional infliction of emotional distress in light of certain defamatory statements made by Defendant Cosby. Defendant Dickinson has *not* asserted claims for "sexual molestation or corporal punishment" to which an exclusion may apply under the policies at issue.

41. Defendant Dickinson denies that the PEL Policy does not provide coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.* The claims asserted by Dickinson against Cosby consist only of defamation, false light and intentional infliction of emotional distress in light of certain defamatory statements made by Defendant Cosby. Defendant Dickinson has *not* asserted claims for "sexual misconduct" to which an exclusion may apply under the policies at issue.

THE BLOOM FIRM

DEFENDANT JANICE DICKINSON'S ANSWER
TO FIRST AMENDED COMPLAINT

AIG PROPERTY CASUALTY COMPANY v.
WILLIAM H. COSBY and JANICE DICKINSON
CASE NO.: 2:15-CV-04842-BRO-RAO

6

42. Defendant Dickinson denies that the "above quoted exclusion in paragraphs 40-41" apply to preclude coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.*

43. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

44. Paragraph 44 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

## SECOND CAUSE OF ACTION

**(Declaratory Relief as to the California Policy Against All Defendants)**

45. Paragraph 45 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

46. Defendant Dickinson denies that the subject policy excludes coverage for Dickinson's claims against Cosby. The policy does not exclude claims for defamation, false light and intentional infliction of emotional distress.

47. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

48. Paragraph 48 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

## THIRD CAUSE OF ACTION

**(Reimbursement/Unjust Enrichment/Restitution Re: Defense Fees and Costs Against Defendant Cosby)**

49. Paragraph 49 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

50. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

51. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

52. Defendant Dickinson denies that the subject policy excludes coverage for Dickinson's claims against Cosby. The policy does not exclude claims for defamation, false light and intentional infliction of emotional distress.

53. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

54. Defendant Dickinson is unable to admit or deny whether Defendant Cosby obtained or will obtain an unjust enrichment at the expense of AIG Property.

## RELIEF REQUESTED

55. Answering the Paragraphs and statements in this section, Defendant Dickinson denies each and every allegation in said paragraphs and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Plaintiff fails to state facts sufficient to constitute grounds to grant the costs of suit incurred herein;

2. AS FOR A SECOND AFFIRMATIVE DEFENSE, Plaintiff fails to state facts, legal authority or other basis sufficient to entitle Plaintiff to recover attorney's fees or for any other relief.

Defendant Dickinson reserves the right to modify her answer and/or assert further affirmative defenses should she become aware of additional defenses during the course of discovery, as set forth in Rule 8 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Dickinson prays for the following relief:

1. That the Court deny Plaintiff the relief sought in Plaintiff's First Amended Complaint;

2. For Defendant Dickinson's costs of suit;

3. For Defendant Dickinson's attorney's fees;

4. For such further relief as this Court may deem just and proper.

Date: September 8, 2015

                                                 Respectfully submitted,
                                                 THE BLOOM FIRM

                                                 By: /s/ Alan Goldstein
                                                 Alan Goldstein
                                                 Attorney for Defendant,
                                                 Janice Dickinson

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed: **DEFENDANT DICKINSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT/UNJUST ENRICHMENT/RESTITUTION** and this certificate of service using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| James P. Wagoner, Esq. | Attorneys for Plaintiff, |
| *jim.wagoner@mccormickbarstow.com* | AIG Property Casualty Co. |
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP | |
| | |
| Lejf E. Knutson, Esq. | Attorneys for Plaintiff, |
| *lejf.knutson@mccormickbarstow.com* | AIG Property Casualty Co. |
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP | |
| | |
| Graham Van Leuven, Esq. | Attorneys for Plaintiff, |
| *graham.vanleuven@mccormickbarstow.com* | AIG Property Casualty Co. |
| McCormick, Barstow, Sheppard, Wayte & Carruth LLP | |

I further certify that some of the participants in the case may not be registered CM/ECF users. On September 8, 2015, I have caused to be mailed to counsel for Defendant William H. Cosby the foregoing document(s) by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Robert P. LoBue, Esq.
Patterson Belknap Webb & Tyler LLP, Attorney for Defendant, William H. Cosby
1133 Avenue of the Americas
New York, NY 10036

Lynda B. Goldman, Esq.
Lavely & Singer, P.C., Attorney for Defendant, William H. Cosby
2049 Century Park East, Suite 2400
Los Angeles, CA 90067

DATED: September 8, 2015

                                          */s/ Alan Goldstein*
                                          Alan Goldstein
                                          THE BLOOM FIRM
                                          20700 Ventura Blvd., Suite 301
                                          Woodland Hills, CA  91436