LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [24]

## I.   INTRODUCTION

Pending before the Court is Defendant William H. Cosby's Motion to Dismiss. (Dkt. No. 24.)  Specifically, Defendant seeks to dismiss Plaintiff AIG Property Casualty Company's first cause of action, which seeks declaratory relief that Plaintiff has no obligation to defend or indemnify Defendant, and third cause of action, which seeks reimbursement of defense fees and costs paid by Plaintiff on the theory that Plaintiff has no duty to defend Defendant.  After considering the papers filed in support of and in opposition to the instant Motion, and the argument of counsel at the hearing held on November 2, 2015, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's first and third causes of action.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff's Insurance Policies

Plaintiff is an insurance provider that insured Defendant under two homeowners insurance policies, one in Massachusetts (the "Massachusetts Policy"), and the second in California (the "California Policy").  (First Am. Compl. ("FAC") ¶¶ 9, 15.)  Plaintiff also issued Defendant a personal excess liability policy ("PEL Policy").  (FAC ¶ 22.)  All three of these policies (collectively, the "Policies") were effective from at least 2014. (FAC ¶¶ 9, 15, 22.)

Both the Massachusetts Policy and California Policy obligate Plaintiff to:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

> [P]ay damages an insured person is legally obligated to pay for personal injury or property damage caused by an occurrence covered by this policy anywhere in the world, unless stated otherwise or an exclusion applies. . . . [Plaintiff] will pay the costs to defend an insured person against any suit seeking covered damages for personal injury or property damage.

(FAC ¶¶ 10, 16.) The PEL Policy similarly provides that Plaintiff "will defend an insured person in any suit seeking damages covered by Excess Liability." (FAC ¶ 24.) The Policies each define "personal injury" as including, "shock, emotional distress, mental injury" and "defamation, libel, or slander." (FAC ¶¶ 13, 20, 27.) The Massachusetts Policy and the California Policy also contain an exclusion (the "sexual misconduct exclusion"), which states:

> This policy does not provide coverage for liability, defense, costs or any other cost or expense for . . . personal injury arising out of any actual, alleged, or threatened by any person . . . sexual molestation, misconduct, or harassment.

(FAC ¶¶ 14, 21.) The PEL Policy contains a similar exclusion that "[t]his insurance does not provide coverage for liability, defense costs or any other cost or expense . . . arising out of any actual, alleged or threatened sexual misconduct, molestation or harassment." (FAC ¶ 28.)

### B. The Underlying *Dickinson* Lawsuit

Plaintiff seeks declaratory relief that Plaintiff has no duty to defend or indemnify Defendant in the lawsuit *Janice Dickinson v. William H. Cosby*, Case No. BC580909 (the "underlying action" or "*Dickinson* action"), filed in Los Angeles Superior Court on May 20, 2015. (FAC ¶ 29.) In the *Dickinson* action, the plaintiff, Janice Dickinson ("Dickinson"), alleges three cause of action: (1) defamation; (2) false light; and, (3) intentional infliction of emotional distress. (FAC ¶ 1.)

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 3 of 13 Page ID #:896

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

In the *Dickinson* Complaint,[1] Dickinson alleges that Defendant "intentionally drugged" Dickinson and sexually assaulted her in 1982. (FAC ¶ 30.) More than thirty years later, on or about November 18, 2014, "Dickinson disclosed in a television interview that [Defendant] had drugged and raped her." (FAC ¶ 31.) Thereafter, Defendant issued two press statements to the news media stating that Dickinson "completely fabricated the Story of alleged rape," that "the alleged rape never happened," and that Dickinson's statement was "an outrageous defamatory lie." (FAC ¶ 32.) Dickinson avers that these statements were "published by Defendant Cosby knowing that they were false," "republished by thousands of media entities worldwide," and "had a natural tendency to injure Ms. Dickinson's reputation in the entertainment industry in which she works, and with the public worldwide." (FAC ¶ 34.)

Dickinson also claims that on "January 8, 2015, in a stand-up performance in Ontario, Canada, [Defendant] asked a woman from the audience who had gotten up where she was going. She told him that she was going to get a drink. He replied 'You have to be careful about drinking around me.'" (FAC ¶ 36.) Dickinson alleges that "[t]his comment was intended by [Defendant] to mock, insult, demean and humiliate [Dickinson] and his other accusers." (*Id.*)

### C. Tender and The Instant Action

Defendant tendered his defense in the *Dickinson* action to Plaintiff under the Policies. (FAC ¶ 37.) By letter dated June 25, 2015, Plaintiff accepted the tender of defense and is currently defending Defendant in the *Dickinson* action under the Massachusetts Policy pursuant to a reservation of rights. (FAC ¶¶ 37–38.) Plaintiff reserved the right to seek recovery from Defendant of all fees and costs incurred in the defense of the *Dickinson* action. (FAC ¶ 38.)

Plaintiff commenced the instant action on June 26, 2015, (Dkt. No. 1), and filed a first amended complaint alleging three causes of action on August 20, 2015, (Dkt. No. 15). Plaintiff's first cause of action for declaratory relief alleges that the Policies do not provide liability coverage to Defendant because the claims in the *Dickinson* action fall within the sexual misconduct exclusion contained therein. (FAC ¶¶ 39–44.) Plaintiff's second cause of action, not at issue in the instant Motion to Dismiss, seeks a

---

[1] The Court takes judicial notice of the *Dickinson* Complaint. (*See* discussion *infra* Section III.)

Case 2:15-cv-04842-BRO-RAO   Document 32   Filed 11/13/15   Page 4 of 13   Page ID #:897

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

determination that Defendant does not qualify as an "insured person" under the California Policy.  (FAC ¶¶ 45–48.)  Plaintiff's third and final cause of action seeks reimbursement of defense fees and costs paid by Plaintiff on the theory that Plaintiff has no duty to defend Defendant in the *Dickinson* action.  (FAC ¶¶ 49–54.)

On September 22, 2015, Defendant filed the instant Motion to Dismiss Plaintiff's first and third causes of action.  (Dkt. No 24.)  Plaintiff timely opposed the motion on October 9, 2015, (Dkt. No. 29), and Defendant timely replied on October 19, 2015, (Dkt. No. 30).  Dickinson filed a notice of non-opposition to Defendant's Motion on September 25, 2015.  (Dkt. No. 28.)

### III.    REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment.  *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Defendant asks the Court to take judicial notice of the complaint in the *Dickinson* action filed May 20, 2015.  (Def.'s Req. for Judicial Notice ("RJN"), Ex. A.)  This document is part of the public record and is properly subject to judicial notice.  *See*, *e.g.*, *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice of the *Dickinson* Complaint, as it is filed in another court in a related matter.

### IV.    LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  If a

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 5 of 13 Page ID #:898

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## V. DISCUSSION

Under California law,[2] "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (Cal. 1993).

---

[2] California law governs this diversity case. (*See* FAC ¶ 5.) A federal court exercising diversity jurisdiction decides issues of state law as it believes the state's highest court would decide them. *HS Servs. Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997). Here, the Policies arose in both California and Massachusetts. However, where the applicable rules of law of the potentially concerned jurisdictions do not materially differ, the Court may proceed to apply the law of the forum. *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1465 (Cal. Ct. App. 2007). "The party arguing that foreign law governs has the burden to identify the applicable foreign law." *Id.* Plaintiff asserts that Massachusetts and California law ought to govern this case, but represents that the laws of those states do not conflict. Therefore, the Court will apply California law, the law of the forum here.

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 6 of 13 Page ID #:899

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

In determining whether there is a possibility of coverage, a court starts "by comparing the allegations of the complaint with the terms of the policy." *Id.* at 1081. "If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 655 (Cal. 2005). "On the other hand, if, as a matter of law, neither the complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." *Scottsdale Ins. Co.*, 36 Cal. 4th at 655. Doubts as to whether particular facts give rise to a duty to defend are resolved in an insured's favor. *See Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 269 (Cal. 1966).

Plaintiff's Complaint does not dispute that the Policies obligate Plaintiff to "pay the costs to defend an insured person against any suit seeking covered damages for personal injury" where "personal injury" claims include those for "shock, emotional distress, mental injury" and "defamation, libel, or slander." (FAC ¶¶ 10–27.) Nor does Plaintiff dispute that Dickinson's claims for defamation, false light, and intentional infliction of emotional distress are the kind of claims which expressly fall within the Policies' coverage for personal injury. (*See* FAC ¶¶ 40–42.) Instead, Plaintiff argues that Defendant's coverage in the *Dickinson* action is foreclosed by the sexual misconduct exclusion, which dissolves Plaintiff's duty to defend against "personal injury arising out of any actual, alleged, or threatened . . . sexual molestation, misconduct, or harassment." (*Id.*)

### A. The Court Finds That Plaintiff Has a Duty to Defend Because There Are Multiple Reasonable Interpretations of the Sexual Misconduct Exclusion

"The insurer bears the burden of bringing itself within a policy's exclusionary clauses." *HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644–45 (9th Cir. 1997). Under California law, an exclusion precludes coverage only if it is "conspicuous, plain, and clear." *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 639 (Cal. 2003). As a general rule, "insurance coverage is interpreted broadly so as to afford the greatest possible protection to the insured . . . [whereas] exclusionary clauses are interpreted narrowly against the insurer." *MacKinnon*, 31 Cal. 4th at 648. Any ambiguous terms are

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 7 of 13 Page ID #:900

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

interpreted in favor of finding coverage, consistent with the insured's reasonable expectations. *State Farm Mut. Auto Ins.*, 10 Cal. 3d 193 at 202.

### 1.     The Phrase "Arising Out Of" is Ambiguous

"A policy provision is ambiguous when it is susceptible to two or more reasonable constructions." *E.M.M.I., Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 470 (Cal. 2004). "Even if [an insurer's] interpretation is considered reasonable, it would still not prevail, for in order to do so it would have to establish that its interpretation is the *only* reasonable one." *MacKinnon*, 31 Cal. 4th at 655. The Court must find coverage "so long as there is any other reasonable interpretation under which recovery would be permitted." *Id*. The meaning of "arising out of" is central to this coverage dispute. (*See* Mot. at 12–15; Opp'n at 9–11.) Plaintiff maintains that "arising out of" is much broader than "caused by" and requires only slight connection with, or an incidental relationship between, the sexual misconduct and the personal injury. (Opp'n at 10.) Under Plaintiff's broad construction of "arising out of," Plaintiff contends it has no duty to defend Defendant because "Dickinson asserts claims against [Defendant] which all emanate from his denials of her accusations of rape." (Opp'n at 14.) Each of Defendant's allegedly defamatory statements, Plaintiff asserts, "either expressly or implicitly refer to Dickinson's rape allegation, each were intended to refute that allegation, and none would have been made but for that allegation." (*Id.*)

Conversely, Defendant urges that the Court interpret the phrase narrowly because "arising out of" is included in the sexual misconduct exclusion, and not in a policy granting coverage. (Mot. at 12–15.) *See MacKinnon*, 31 Cal. 4th at 648 (insurance coverage is "interpreted broadly so as to afford the greatest possible protection to the insured . . . [whereas] exclusionary clauses are interpreted narrowly against the insurer"). According to Defendant, Plaintiff's "arising out of" exclusionary language "should only apply to claims directly and proximately caused by, and made in the context of, sexual misconduct." (Mot. at 18.) Under Defendant's narrow interpretation of "arising out of," Defendant contends that the sexual misconduct exclusion is inapplicable because "the alleged sexual misconduct itself is not defamatory and cannot give rise to a defamation claim or support a claim for false light." (Mot. at 15.) Defendant maintains that "[t]he crux of the *Dickinson* lawsuit is the alleged denials of allegations Ms. Dickinson had

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 8 of 13 Page ID #:901

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

previously made concerning [Defendant],"  not the subject matter of Ms. Dickinson's allegations." (*Id.*)

California courts are divided as to the proper interpretation of "arising out of" when included in an insurance exclusion. Some California courts "have interpreted the phrase 'arising out of' very broadly, even where the phrase appears in an exclusion." *Jon Davler, Inc. v. Arch Ins. Co.*, 229 Cal. App. 4th 1025, 1035 (Cal. Ct. App. 2014), *as modified* (Sept. 15, 2014). These courts define the phrase "arising out of" as one that "links a factual situation with the event creating liability and does not import any particular standard of causation or theory of liability into an insurance policy." *Davis v. Farmers Ins. Grp.*, 134 Cal. App. 4th 100, 106–07 (Cal. Ct. App. 2005). Under this interpretation, "'[a]rising out of' are words of much broader significance than 'caused by'. They are ordinarily understood to mean 'originating from,' 'having its origin in,' 'growing out of' or 'flowing from.'" *Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1080 (9th Cir. 1985).

Other California courts, however, have adopted a narrow interpretation of "arising out of." These courts maintain that to "arise out of" excluded conduct, the defamatory remark at issue must have been a part of or directly and proximately resulted from the excluded conduct. *See HS Servs., Inc.*, 109 F.3d at 647 ("We hold that 'to arise out of' a termination employment, the defamatory remark at issue must have been a part of or directly and proximately resulted from the termination."); *Charles E. Thomas Co. v. Transamerica Ins. Grp.*, 62 Cal. App. 4th 379, 373 (Cal. Ct. App. 1998) (rejecting the argument that "[a]rising out of [] is much broader than 'caused by' and requires only a slight connection with, or incidental relationship between, the damages and the exclusion"); *Golden Eagle Ins. Corp. v. Rocky Cola Café, Inc.*, 94 Cal. App. 4th 120, 126–27 (Cal. Ct. App. 2001) ("[T]o fall within the scope of the employment-related practices exclusion, a defamatory statement must, at a minimum, be made 'in the context of' the person's employment."). To hold otherwise, courts reason, would expand the applicability of exclusions to bar coverage no matter how attenuated the connection between the excluded conduct and the alleged injury. *See HS Servs., Inc.*, 109 F.3d at 645 ("Read literally and broadly, the terms 'arising out of' and 'employment-related . . . acts or omissions' would include *any* claim or injury connected in any way with employment termination, no matter how attenuated that connection.").

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

The Court finds that both Plaintiff's broad interpretation and Defendant's narrow interpretation of "arising out of" are reasonable. As is apparent from the disagreement among courts, the sexual misconduct exclusion could reasonably be read to require that Dickinson's claims merely relate to sexual misconduct, or that Dickinson's claims be proximately caused by the sexual misconduct.

The Ninth Circuit's holding in *Ticketmaster, LLC v. Illinois Union Ins. Co.*, 524 F. App'x 329 (9th Cir. 2013), supports a finding that Defendant's narrow interpretation is reasonable. In *Ticketmaster*, ticket purchasers filed a class action alleging that Ticketmaster made false representations regarding ticket delivery fees and order-processing charges. *Id.* at 330. Ticketmaster's insurer refused to defend Ticketmaster in the class action, citing an exclusion which barred coverage for any claim "based on or arising out of . . . any dispute involving fees, expenses or costs paid to or charged by the Insured." *Id.* Reversing the district court's judgment on the pleadings in favor of the insurer, the Ninth Circuit found that "[w]hen narrowly construed in favor of Ticketmaster," the exclusion is "reasonably susceptible to at least two meanings, particularly in light of the [insurance policy's] other 27 exclusions, and is thus, ambiguous." *Id.* at 330–31.

The facts of *Ticketmaster* are analogous to the facts of this case. When narrowly construed in favor of Defendant, the sexual misconduct exclusion is reasonably susceptible to Defendant's narrow interpretation, and thus, ambiguous. As the Ninth Circuit reasoned in *Ticketmaster*, this may be particularly true in light of other exclusions contained in the policy. "Language in a contract must be construed in the context of that instrument as a whole." *Cty. of San Diego v. Ace Prop. & Cas. Inc.*, 37 Cal. 4th 406, 415 (Cal. 2005). Plaintiff's PEL Policy contains another sexual misconduct exclusion applicable to "Limited Charitable Board Directors and Trustees Liability" that bars coverage for damage "arising out of, or in any way involving, directly or indirectly, any alleged sexual misconduct." (Compl. ¶ 22, Ex. E at 24.) This language is unquestionably broader than the "arising out of" language at issue here. If Plaintiff wished to exclude a claim "in any way involving" sexual misconduct, it could have included such language in the sexual misconduct exclusion. Plaintiff's decision not to do so suggests that a narrow interpretation of the sexual misconduct exclusion, as urged by Defendant, is reasonable.

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 10 of 13 Page ID #:903

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

### 2. The Inclusion of the Term "Alleged" in the Sexual Misconduct Exclusion Does Not Alter the Fact That Plaintiff Has a Duty to Defend

Plaintiff argues that Defendant's interpretation of the sexual misconduct exclusion overlooks the importance of the word "alleged." (Opp'n at 1.) Plaintiff avers that the inclusion of "alleged" broadens the sexual misconduct exclusion to apply to situations where personal injury arises from allegations of sexual misconduct. (*Id.*) Therefore, Plaintiff alleges it does not have a duty to defend because Dickinson's causes of action for defamation, false light, and intentional infliction of emotional distress are all based on Defendant's statements which "clearly 'arise out of' Dickinson's rape allegations." (*Id.*)

Plaintiff's reasoning, however, is flawed. When "arising out of" is narrowly interpreted to require that there is a direct or proximate causal relationship between the defamatory remark and the alleged sexual misconduct, Plaintiff's sexual misconduct exclusion is inapplicable to the *Dickinson* action. The Dickinson Complaint alleges injuries to Dickinson's reputation in the entertainment industry in which she works, and with the public worldwide. (FAC ¶ 34.) These "personal injuries" were not directly caused by Defendant's alleged sexual misconduct or by Dickinson's allegations of rape, but by Defendant's statements in response to Dickinson's rape allegations. Though the alleged sexual misconduct and Defendant's allegedly defamatory statements are clearly factually related, there is no evidence before the Court to suggest that Dickinson's defamation, false light, and intentional infliction of emotional distress claims proximately resulted from Defendant's alleged sexual misconduct thirty-three years earlier or even from Dickinson's allegations of rape in 2014. Instead, the injuries Dickinson allegedly suffered originate from Defendant's statements, which have only an attenuated factual connection with sexual misconduct. Sexual misconduct may be the subject matter of Defendant's statements, but Defendant's statements, not his alleged sexual misconduct, directly caused the injury for which Dickinson now seeks relief. Accordingly, Dickinson's claims arise out of Defendant's statements, not out of any actual or alleged sexual misconduct.

Case 2:15-cv-04842-BRO-RAO   Document 32   Filed 11/13/15   Page 11 of 13   Page ID #:904

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

For the foregoing reasons, the Court finds that the reasonableness of Defendant's interpretation of the sexual misconduct exclusion obligates Plaintiff to defend Defendant in the *Dickinson* action.

### B. The *Dickinson* Complaint Contains Allegations Independent of Sexual Misconduct and Therefore, Plaintiff Has A Duty To Defend

Even assuming the Court were to find that the sexual misconduct exclusion is unambiguous, Plaintiff would have a duty to defend because the sexual misconduct exclusion does not bar coverage for all potential claims, allegations, and causes of action alleged in the *Dickinson* Complaint. As previously discussed, "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Horace Mann Ins.*, 4 Cal. 4th at 1081. An insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy." *Gray*, 65 Cal. 2d. at 275. In a "mixed" action, in which some of the claims are at least potentially covered and the others are not, the insurer has a duty to defend the action in its entirety. *Buss v. Superior Court*, 16 Cal. 4th 35, 47–48 (Cal. 1997).

As illustrated in *Horace Mann Insurance Company v. Barbara B.*, 4 Cal. 4th 1076 (Cal. 1993), an allegation of sexual misconduct does not preclude coverage if there are other allegations of conduct that may be covered. In *Horace Mann*, the California Supreme Court considered whether the insurer had a duty to defend a teacher accused of sexual molestation and other harassing conduct. *Id.* at 1078–79. After the teacher pleaded *nolo contondere* to a charge arising out of his molestation of the student, the insurer contended that it had no duty to defend the teacher under an exclusion for coverage of civil suits arising from criminal acts. *Id.* at 1079–80. The California Supreme Court disagreed, reasoning that the insurer failed to show that all of the teacher's misconduct alleged in the complaint, including allowing the student to sit on his lap, kissing the student on the forehead, and hugging the student in front of other students, was "inherently harmful or amounted to sexual molestation" so as to bar indemnity. *Id.* at 1084–85. Accordingly, the California Supreme Court held that "[i]f the parties to a declaratory relief action dispute whether the insured's alleged misconduct should be viewed as essentially a part of a proven sexual molestation, or instead as independent of it and so potentially within the policy coverage . . . the duty to defend is then *established.*" *Id.* at 1085.

Case 2:15-cv-04842-BRO-RAO Document 32 Filed 11/13/15 Page 12 of 13 Page ID #:905

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

Applying *Horace Mann*'s reasoning to the instant case, the Court finds that some of the allegations in the *Dickinson* Complaint are independent of sexual misconduct and therefore Plaintiff has a duty to defend. For example, allegations that Defendant "intentionally drugged" Dickinson "even though he knew that she had been in a rehab center for addiction a few months before" could reasonably be interpreted as independent of sexual misconduct, and therefore, within the Policies' coverage. (RJN, Ex. A at ¶¶ 16, 19.) Similarly, the *Dickinson* Complaint alleges that Defendant's statements contain numerous false implications about Dickinson, including the implication that "Dickinson has falsely copied the claims made publicly by other women against Defendant" and "the implication that Ms. Dickinson's rape disclosure is false and that therefore she is a liar." (RJN, Ex. A at ¶ 56.) These allegations give rise to a claim because Defendant's statements allegedly damage Dickinson's reputation, not because they relate to sexual misconduct. Therefore, a possibility of a duty to defend remains because the allegations are not "inseparably intertwined" with the sexual misconduct such that the Policies unquestionably bar coverage. *See Horace Mann*, 4 Cal. 4th at 1085. The Court cannot say, as a matter of law, that these allegations do not raise a possibility of coverage under the Policies; as such, Plaintiff's duty to defend is established. *Id.*

Because the Court finds that Plaintiff has failed to establish that its interpretation is the only reasonable one, that Plaintiff would not have a duty to defend under Defendant's interpretation of "arising out of," or that all of the allegations in the *Dickinson* Complaint are inseparably intertwined with sexual misconduct, the Court finds that Plaintiff has a duty to defend Defendant in the *Dickinson* action. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's first cause of action. The Court also **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's third cause of action, which seeks reimbursement of defense fees and costs paid by Plaintiff, because Plaintiff's claim necessarily relies on a finding that the sexual misconduct exclusion applies to support its claim for reimbursement.

### C. Dismissal of Plaintiff's Claims Without Leave To Amend

Leave to amend is properly denied if amendment would be futile. *Charrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). When, as in this case, there is no dispute about the relevant facts and the only issue before the court involves the meaning and application of the language of an insurance policy, the issue is a pure issue of law to

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | November 13, 2015 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

be decided by the Court.  *Acceptance Ins. Co v. Syufy Enters.*, 69 Cal. App. 4th 321, 325 (Cal. Ct. App. 1999).  Because Plaintiff cannot amend the language of the Policies or the facts of the *Dickinson* lawsuit such that the sexual misconduct exclusion would unambiguously apply in this case, any amendment would be futile.  Accordingly, the Court dismisses Plaintiff's claims with prejudice.

## VI.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's first and third causes of action **WITH PREJUDICE**.  Plaintiff has failed to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |