1   Kirk A. Pasich (SBN 94242)
    kpasich@linerlaw.com
2   Kimberly A. Umanoff (SBN 288123)
    kumanoff@linerlaw.com
3   LINER LLP
    1100 Glendon Avenue, 14th Floor
4   Los Angeles, California 90024-3518
    Telephone:   (310) 500-3500
5   Facsimile:   (310) 500-3501

6   Attorneys for Defendant,
    William H. Cosby

7

8

9                   **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  AIG PROPERTY CASUALTY              Case No. 2:15- CV-04842-BRO-RAO
    COMPANY,
13                                     **DEFENDANT WILLIAM H.
                Plaintiff,             COSBY'S ANSWER TO
14                                     PLAINTIFF'S FIRST AMENDED
        vs.                            COMPLAINT**
15
    WILLIAM H. COSBY and JANICE        DEMAND FOR JURY TRIAL
16  DICKINSON,
17            Defendant.               The Hon. Beverly Reid O'Connell

18

19          Defendant William H. Cosby answers plaintiff AIG Property Casualty

20  Company's First Amended Complaint for declaratory relief as follows:

21          1.      Answering paragraph 1, Mr. Cosby admits that AIG is seeking a

22  declaration that (a) the "sexual misconduct" exclusion in the six insurance policies

23  at issue in this action applies to bar coverage for the underlying *Dickinson v. Cosby*

24  lawsuit and (b) Mr. Cosby is not individually insured under the "California"

25  insurance policies. Except was expressly admitted, Mr. Cosby denies the allegations

26  in this paragraph.

27                          **THE PARTIES**

28          2.      Answering paragraph 2, Mr. Cosby lacks sufficient knowledge and

                                      1

1 information to form a belief as to the truth of the allegations contained in this
2 paragraph, and therefore denies the allegations in this paragraph.

3     3.     Answering paragraph 3, Mr. Cosby admits the allegations contained in
4 this paragraph.

5     4.     Answering paragraph 4, Mr. Cosby lacks sufficient knowledge and
6 information to form a belief as to the truth of the allegations contained in this
7 paragraph, and therefore denies the allegations in this paragraph.

8         **JURISDICTION AND VENUE**

9     5.     Answering paragraph 5, Mr. Cosby admits that AIG purports to bring
10 the instance action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and that
11 the amount in controversy exceeds $75,000, exclusive of interest and costs. Except
12 as expressly admitted, Mr. Cosby lacks sufficient knowledge and information to
13 form a belief as to the truth of the allegations contained in this paragraph, and basing
14 its denial on that ground, denies the allegations in this paragraph.

15     6.     Answering paragraph 6, Mr. Cosby admits that AIG alleges that venue
16 is proper in this matter based on 28 U.S.C. § 1391(b) and that the insurance policies
17 at issue were and are to be performed, among other places, in the County of Los
18 Angeles, State of California. Except as expressly admitted, Mr. Cosby denies the
19 allegations in this paragraph.

20     7.     Answering paragraph 7, Mr. Cosby admits that he is already a party to
21 another lawsuit pending in California. Mr. Cosby also admits that Ms. Dickinson
22 has admitted that she is a citizen of the State of California and domiciled in the
23 County of Los Angeles. Except as expressly admitted, Mr. Cosby denies the
24 allegations in this paragraph.

25     8.     Answering paragraph 8, Mr. Cosby admits that the Court is authorized
26 to enter declaratory judgments.

27         **FACTUAL ALLEGATIONS**

28     9.     Answering paragraph 9, Mr. Cosby admits that AIG sold him

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1   homeowners policy no. PCG 0006004261, in effect from at least January 1, 2014, to

2   January 1, 2015, and January 1, 2015, to January 1, 2016 (the "Massachusetts

3   Policies").  Mr. Cosby states that the Massachusetts Policies are the best evidence of

4   their contents.   Mr. Cosby further admits that the Massachusetts Policies'

5   declaration pages indicate that the liability coverage limit is $1,000,0000.  Mr.

6   Cosby also admits that the named insureds on the Massachusetts Policies are

7   William H. Cosby and Camille Cosby.  Except as expressly admitted, Mr. Cosby

8   lacks sufficient knowledge and information to form a belief as to the truth of the

9   allegations in this paragraph, and basing his denial on that ground, denies the

10  allegations in this paragraph.

11        10.     Answering paragraph 10, Mr. Cosby states that the Massachusetts

12  Policies are the best evidence of their contents and that they contain the language

13  quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this

14  paragraph.

15        11.     Answering paragraph 11, Mr. Cosby states that the Massachusetts

16  Policies are the best evidence of their contents and  that they contain the language

17  quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this

18  paragraph.

19        12.     Answering paragraph 12, Mr. Cosby states that the Massachusetts

20  Policies are the best evidence of their contents and that they contain the language

21  quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this

22  paragraph.

23        13.     Answering paragraph 13, Mr. Cosby states that the Massachusetts

24  Policies are the best evidence of their contents and that the term  "personal injury" is

25  defined in part therein as quoted in this paragraph.  Except as expressly admitted,

26  Mr. Cosby denies the allegations in this paragraph.

27        14.     Answering paragraph 14, Mr. Cosby states that the Massachusetts

28  Policies are the best evidence of their contents and that they contain the language

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

1  quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this

2  paragraph.

3       15.     Answering paragraph 15, Mr. Cosby admits that AIG sold homeowners

4  policy no. PCG 0006004359, in effect from at least January 1, 2014, to January 1,

5  2015, and January 1, 2015, to January 1, 2016 (the "California Policies").  Mr.

6  Cosby states that the California Policies are the best evidence of their contents.  Mr.

7  Cosby further admits that the California Policies' declaration pages indicate that the

8  liability coverage limit is $1,000,0000.  Mr. Cosby also admits that the named

9  insured on the California Policies is the LLC identified therein.  Except as expressly

10  admitted, Mr. Cosby lacks sufficient knowledge and information to form a belief as

11  to the truth of the allegations in this paragraph, and basing his denial on that ground,

12  denies the allegations in this paragraph.

13       16.     Answering paragraph 16, Mr. Cosby states that the California Policies

14  are the best evidence of their contents and that they contain the language quoted.

15  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

16       17.     Answering paragraph 17, Mr. Cosby states that the California Policies

17  are the best evidence of their contents and that they contain the language quoted.

18  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

19       18.     Answering paragraph 18, Mr. Cosby states that the California Policies

20  are the best evidence of their contents and that they contain the language quoted.

21  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

22       19.     Answering paragraph 19, Mr. Cosby states that the California Policies

23  are the best evidence of their contents and that they contain the language quoted.

24  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

25       20.     Answering paragraph 20, Mr. Cosby states that the California Policies

26  are the best evidence of their contents and that the term  "personal injury" is defined

27  in part therein as quoted in this paragraph.  Except as expressly admitted, Mr. Cosby

28  denies the allegations in this paragraph.

21.     Answering paragraph 21, Mr. Cosby states that the California Policies are the best evidence of their contents and that they contain the language quoted. Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

22.     Answering paragraph 22, Mr. Cosby admits that AIG sold him personal excess liability policy number PCG 0006235889, in effect from at least January 1, 2014, to January 1, 2015, and January 1, 2015, to January 1, 2016 (the "PEL Policies").  Mr. Cosby states that the PEL Policies are the best evidence of their contents.   Mr. Cosby further admits that the PEL Policies' declaration pages indicate that the liability coverage limit is $35,000,000.  Mr. Cosby also admits that the named insureds on the PEL Policies are William H. & Camille Cosby.  Except as expressly admitted, Mr. Cosby lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and basing his denial on that ground, denies the allegations of this paragraph.

23.     Answering paragraph 23, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that they contain the language quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

24.     Answering paragraph 24, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that they contain the language quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

25.     Answering paragraph 25, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that they contain the language quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

26.     Answering paragraph 26, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that they contain the language quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

27.     Answering paragraph 27, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that the term  "personal injury" is defined in part therein as quoted in this paragraph.  Except as expressly admitted, Mr. Cosby denies

LiNER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

the allegations in this paragraph.

28.    Answering paragraph 28, Mr. Cosby states that the PEL Policies are the best evidence of their contents and that they contain the language quoted.  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

### The *Dickinson* Lawsuit

29.    Answering paragraph 29, Mr. Cosby admits that a complaint was filed against him on May 20, 2014, in Los Angeles Superior Court, Case No. BC580909, entitled *Janice Dickinson v. William H. Cosby, Jr.* (the "*Dickinson* Complaint").

30.    Answering paragraph 30, Mr. Cosby states that the *Dickinson* Complaint is the best evidence of its contents.  Mr. Cosby admits that the *Dickinson* Complaint alleges in paragraph 13:  "In or about 1982, Ms. Dickinson was in Bali, Indonesia shooting a calendar.  There she received a telephone call from [] Cosby.  On the call, he asked her to fly to Lake Tahoe, Nevada to meet with him."  Mr. Cosby admits that  the *Dickinson* Complaint alleges in paragraph 14:  "After arriving in Lake Tahoe, Ms. Dickinson had dinner with [] Cosby."  Mr. Cosby admits that the *Dickinson* Complaint alleges in paragraph 15:  "Ms. Dickinson was suffering from menstrual pain. . . . Cosby offered her a glass of wine and a pill which he represented would help her with cramps."  Mr. Cosby admits that the *Dickinson* Complaint alleges in paragraph 17:  "Ms. Dickinson consumed the pill believing it was what [] Cosby had represented it to be."  Mr. Cosby admits that the *Dickinson* Complaint alleges in paragraph 18:  "Cosby deceived Ms. Dickinson into consuming a narcotic that heavily sedated her."  Mr. Cosby admits that the *Dickinson* Complaint alleges in paragraph 19:  "After [] Cosby intentionally drugged Ms. Dickinson, later that night he sexually assaulted her, penetrating her vaginally and anally, without her consent, and leaving semen on her body."  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

31.    Answering paragraph 31, Mr. Cosby states that the *Dickinson* Complaint is the best evidence of its contents and admits that it contains the quoted

1   allegation.  Except as expressly admitted, Mr. Cosby denies the allegations in this

2   paragraph.

3       32.     Answering paragraph 32, Mr. Cosby states that the *Dickinson*

4   Complaint is the best evidence of its contents and admits that it contains the quoted

5   allegations.  Except as expressly admitted, Mr. Cosby denies the allegations in this

6   paragraph.

7       33.     Answering paragraph 33, Mr. Cosby states that the *Dickinson*

8   Complaint is the best evidence of its contents and admits that it contains the quoted

9   allegations.  Except as expressly admitted, Mr. Cosby denies the allegations in this

10  paragraph.

11      34.     Answering paragraph 34, Mr. Cosby states that the *Dickinson*

12  Complaint is the best evidence of its contents and admits that it contains the quoted

13  allegations.  Except as expressly admitted, Mr. Cosby denies the allegations in this

14  paragraph.

15      35.     Answering paragraph 35, Mr. Cosby states that the *Dickinson*

16  Complaint is the best evidence of its contents and admits that it contains the quoted

17  allegations. Except as expressly admitted, Mr. Cosby denies the allegations in this

18  paragraph.

19      36.     Answering paragraph 36, Mr. Cosby states that the *Dickinson*

20  Complaint is the best evidence of its contents and admits that it contains the quoted

21  allegations.  Except as expressly admitted, Mr. Cosby denies the allegations in this

22  paragraph.

23      37.     Answering paragraph 37, Mr. Cosby admits that he tendered the

24  *Dickinson v. Cosby* action to AIG under the Massachusetts Policies, California

25  Policies and PEL Policies. Mr. Cosby also admits that AIG purported to accept his

26  tender and agreed to defend him subject to a reservation of certain specified rights.

27  Except as expressly admitted, Mr. Cosby denies the allegations in this paragraph.

28      38.     Answering paragraph 38, Mr. Cosby admits that AIG sent the June 25,

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

1  2015, and August 19, 2015, letters and that those letters are the best evidence of

2  their contents.  Except as expressly admitted, Mr. Cosby denies the allegations in

3  this paragraph.

4  ## FIRST CAUSE OF ACTION

5      39.    Answering paragraph 39, Mr. Cosby incorporates by reference his

6  answers to paragraphs 1 through 38 as stated above.

7      40.    Answering paragraphs 40-44, Mr. Cosby states that no answer is

8  required to these paragraphs, or this cause of action, because of the Court's

9  November 13, 2015, Order dismissing with prejudice AIG's First Cause of Action.

10  To the extent any further response is required, Mr. Cosby denies the allegations in

11  these paragraphs.

12  ## SECOND CAUSE OF ACTION

13      41.    Answering paragraph 45, Mr. Cosby incorporates by reference his

14  answers to paragraphs 1 through 38 and 40-44, as stated above.

15      42.    Answering paragraph 46, Mr. Cosby admits that AIG makes the

16  allegations stated in this paragraph.  Except as expressly admitted, Mr. Cosby denies

17  the allegations in this paragraph and specifically denies that he is not an insured

18  under the California Policies.

19      43.    Answering paragraph 47, Mr. Cosby admits that he disputes AIG's

20  contention it has no duty to defend or indemnify Cosby under the California Policies

21  for the claims and damages alleged in the *Dickinson* lawsuit.  Mr. Cosby lacks

22  sufficient knowledge and information to form a belief as to the truth of the

23  allegations regarding Ms. Dickinson and, basing his denial on that ground, denies

24  those allegations.  Except as expressly admitted or denied, Mr. Cosby denies the

25  allegations in this paragraph.

26      44.    Answering paragraph 48, Mr. Cosby admits that there is an actual and

27  present controversy between he and AIG and that AIG requests a declaration of its

28  rights, duties and obligations under the California Policies as alleged in the Second

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

1  Cause of Action. Except as expressly admitted, Mr. Cosby denies the allegations in

2  this paragraph.

3  ### THIRD CAUSE OF ACTION

4      45.    Answering paragraph 49, Mr. Cosby incorporates by reference his

5  answers to paragraphs 1 through 38, 40-44, and 46-48, as stated above.

6      46.    Answering paragraphs 50-54, Mr. Cosby states that no answer is

7  required to these paragraphs, or this cause of action, because of the Court's

8  November 13, 2015, Order dismissing with prejudice AIG's Third Cause of Action.

9  To the extent any further response is required, Mr. Cosby denies the allegations in

10  this paragraph.

11  ### FIRST AFFIRMATIVE DEFENSE

12  ### (Failure to State a Cause of Action)

13      47.    AIG is barred from maintaining its First Amended Complaint and each

14  cause of action therein because it fails to state facts sufficient to constitute a claim

15  against Mr. Cosby.

16  ### SECOND AFFIRMATIVE DEFENSE

17  ### (Waiver)

18      48.    AIG has waived its right to assert the second cause of action alleged in

19  its First Amended Complaint.

20  ### THIRD AFFIRMATIVE DEFENSE

21  ### (Estoppel)

22      49.    AIG is estopped as a matter of law from asserting the claim stated in its

23  second cause of action.

24  ### FOURTH AFFIRMATIVE DEFENSE

25  ### (Stay)

26      50.    To the extent that the issues or facts involved in this action overlap with

27  or  could implicate issues involved in the *Dickinson v. Cosby* lawsuit or any other

28  lawsuits against Mr. Cosby, this action should be stayed pursuant to *Montrose*

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1   *Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993), and its progeny.

2   **FIFTH AFFIRMATIVE DEFENSE**

3   **(Unclean Hands)**

4   51.   AIG is barred from maintaining its First Amended Complaint because

5   of its unclean hands in its dealings with Mr. Cosby.

6   **SIXTH AFFIRMATIVE DEFENSE**

7   **(Reserved Defenses)**

8   52.   Given the Court's November 13, 2015, Order dismissing with prejudice

9   AIG's First and Third Causes of Action, Mr. Cosby does not assert here Affirmative

10   Defenses as to those causes of action.  However, Mr. Cosby reserves his right to

11   assert Affirmative Defenses to those causes of action if AIG ever reasserts them.

12

13   WHEREFORE, Mr. Cosby prays for a judgment:

14   1.   declaring that AIG is not entitled to the relief it seeks in its First

15   Amended Complaint;

16   2.   dismissing the First Amended Complaint and all causes of action

17   therein with prejudice;

18   3.   awarding him the costs incurred; and

19   4.   granting such other relief as the Court may deem equitable, just, and/or

20   proper.

21

22   Dated:  November 25, 2015          Kirk A. Pasich

23                                      Kimberly A. Umanoff

                                        LINER LLP

24

25                                      By:   */s/ Kimberly A. Umanoff*

26                                      _____

                                        Kimberly A. Umanoff

27                                      Attorneys for Defendant William H. Cosby

28

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

## **JURY TRIAL DEMANDED**

Mr. Cosby hereby demands trial by jury.

Dated:  November 25, 2015          Kirk A. Pasich
                                                    Kimberly A. Umanoff
                                                    LINER LLP


                                                    By:      */s/ Kimberly A. Umanoff*
                                                    _____
                                                    Kimberly A. Umanoff
                                                    Attorneys for Defendant William H. Cosby