LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|---|---|---|---|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

**ORDER RE: MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT [37]**
**AND MOTION FOR ENTRY OF FINAL JUDGMENT**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**
**AND/OR FOR CERTIFICATION OF IMMEDIATE**
**APPEAL UNDER 28 U.S.C. § 1292(b) [38]**

## I.      INTRODUCTION

Pending before the Court are two motions filed by Plaintiff AIG Property Casualty Company ("Plaintiff"): (1) Plaintiff's Motion for Leave to File Second Amended Complaint, (Dkt. No. 37 (hereinafter, "Mot. for Leave")); and, (2) Plaintiff's Motion for Entry of Final Judgement Under Federal Rule of Civil Procedure 54(b) and/or for Certification of Immediate Appeal Under 28 U.S.C. § 1292(b), (Dkt. No. 38 (hereinafter, "Mot. for Final J.")) (collectively, the "Motions").  After considering the papers in support of and in opposition to the Motions, the Court deems the matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Leave and **DENIES** Plaintiff's Motion for Final Judgment.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

In May 2015, Defendant Janice Dickinson ("Dickinson") filed a lawsuit in the Superior Court of California, County of Los Angeles against Defendant William Cosby ("Defendant" or "Cosby"), entitled *Janice Dickinson v. William H. Cosby*, Case No. BC580909 (the "underlying action" or *Dickinson* action).  (First Am. Compl. ("FAC")

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|---|---|---|---|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

¶ 29.)  In the *Dickinson* action, Dickinson alleges three cause of action: (1) defamation; (2) false light; and, (3) intentional infliction of emotional distress.  (FAC ¶ 1.)

Plaintiff is an insurance provider that insured Defendant under two homeowners insurance policies, one in Massachusetts (the "Massachusetts Policy"), and the second in California (the "California Policy").  (FAC ¶¶ 9, 15.)  Plaintiff also issued Defendant a personal excess liability policy (the "PEL Policy").  (FAC ¶ 22.)  All three of these policies (collectively, the "Policies") were effective from at least 2014.  (FAC ¶¶ 9, 15, 22.)

The Massachusetts Policy and the California Policy contain an exclusion (the "Sexual Misconduct exclusion"), which states:

> This policy does not provide coverage for liability, defense, costs or any other cost or expense for . . . personal injury arising out of any actual, alleged, or threatened by any person . . . sexual molestation, misconduct, or harassment.

(FAC ¶¶ 14, 21.)  The PEL Policy contains a similar exclusion that "[t]his insurance does not provide coverage for liability, defense costs or any other cost or expense . . . arising out of any actual, alleged or threatened sexual misconduct, molestation or harassment." (FAC ¶ 28.)

Defendant tendered his defense in the *Dickinson* action to Plaintiff under the Policies.  (FAC ¶ 37.)  By letter dated June 25, 2015, Plaintiff accepted the tender of defense pursuant to a reservation of rights, and is currently defending Defendant in the *Dickinson* action under the Massachusetts Policy.  (FAC ¶¶ 37–38.)  Plaintiff reserved the right to seek recovery from Defendant of all fees and costs incurred in the defense of the *Dickinson* action.  (FAC ¶ 38.)

Plaintiff commenced the instant action on June 26, 2015, (Dkt. No. 1), and filed a First Amended Complaint as of right, pursuant to Federal Rule of Procedure 15(a), (*see* Dkt. No. 15).  Plaintiff's First Amended Complaint sought declaratory relief determining that Plaintiff owes no duty to defend or indemnify Defendant in the *Dickinson* action, pursuant to the Sexual Misconduct exclusion included in the Policies.  Plaintiff's third

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|----------|----------------------------|------|------------------|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

cause of action sought reimbursement of defense fees and costs paid by Plaintiff on the theory that Plaintiff has no duty to defend Defendant in the *Dickinson* action.  (FAC ¶¶ 49–54.)

On September 22, 2015, Defendant filed a Motion to Dismiss Plaintiff's first and third causes of action.  (Dkt. No 24.)  The Court granted Defendant's Motion to Dismiss on November 13, 2015, dismissing Plaintiff's first and third causes of action with prejudice.  (Dkt. No. 32.)[1]  Dickinson, the plaintiff in the underlying action, filed a First Amended Complaint in the *Dickinson* action on November 16, 2015.  (*See* Decl. of James P. Wagoner ("Wagoner Decl.") ¶ 4, Ex. A (hereinafter, "*Dickinson* FAC").)

On December 14, 2015, Plaintiff filed the instant Motions.  (Dkt. Nos. 37, 38.)  In connection with its Motion for Leave to File a Second Amended Complaint, Plaintiff lodged a copy of the proposed Second Amended Complaint.  (*See* Dkt. No. 37 at 4–36 (hereinafter, "Prop. SAC").)  The proposed Second Amended Complaint contains three new declaratory relief causes of action based on three additional exclusions: (1) Intentional Acts, (Prop. SAC ¶¶ 68–74); (2) Business Pursuits, (Prop. SAC ¶¶ 75–80); and, (3) Controlled Substances, (Prop. SAC ¶¶ 81–87).  The proposed Second Amended Complaint also includes additional allegations distinct from the *Dickinson* action.  (*See, e.g.*, Prop. SAC ¶¶ 39–44, 46–49.)

Defendant timely opposed both of Plaintiff's Motions on December 21, 2015, (Dkt. Nos. 39, 40), and Plaintiff timely replied on December 28, 2015, (Dkt. Nos. 41, 42).

## III.   LEGAL STANDARD

### A.     Leave to Amend Under Rule 15(a)

Federal Rule of Civil Procedure 15 governs amendments to pleadings.  The rule encourages courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In *Foman v. Davis*, the Supreme Court explained that Rule 15's objective is to give a plaintiff "an opportunity to test his claim on the merits."  371 U.S. 178, 182 (1962).  As a result, district courts should consider the following factors in

---

[1] Plaintiff's second cause of action seeks a determination that Defendant does not qualify as an "insured person" under the California Policy.  (FAC ¶¶ 45–48.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|---|---|---|---|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

deciding whether to grant leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of amendment. *Id.* District courts need not give all of these factors equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party is the touchstone of any Rule 15 inquiry and carries the greatest weight. *Id.* (citing and quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). The party opposing amendment bears the burden of demonstrating prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original). All inferences should be in favor of granting the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd.*, 833 F.2d at 186). Courts retain discretion to deny leave to amend, but any denial must include a specific finding of prejudice, bad faith, or futility of amendment. *DCD Programs, Ltd.*, 833 F.2d at 186–87.

### B.    Final Judgment Rule

The final judgment rule, codified in 28 U.S.C § 1291, empowers appellate courts to hear "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Accordingly, "parties may appeal only from orders which end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978)) (internal quotation marks omitted).

In general, "[a] district court order is . . . not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008) (citing *Chacon v. Babcock*, 640 F.2d 221 (9th Cir. 1981)). "Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Under Rule 54(b), "the court may direct entry of a final judgment as to

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|----------|-----------------------------|------|-----------------|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As such, "a Rule 54(b) severance is consistent with the final judgment rule because the judgment being severed is a final one, whose appeal is authorized by 28 U.S.C. § 1291." *James*, 283 F.3d at 1067 n.6.

In contrast to Rule 54(b), 28 U.S.C. § 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Id.* Section 1292(b) "addresses the situation where a party wishes to appeal an interlocutory order, such as pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class." *Id.* (internal citations omitted). Pursuant to § 1292(b), a district court may certify a nonfinal order for interlocutory appeal by stating in writing, as part of the order, that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## IV.    DISCUSSION

### A.    Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff seeks leave to file a Second Amended Complaint in this action, which would: (1) add three causes of action for declaratory relief as to the applicability of three exclusions not previously pleaded; and, (2) to address new allegations raised by Dickinson in her First Amended Complaint filed in the underlying action. (Mot. for Leave at 1.) Defendant claims that the Court should not grant Plaintiff leave to amend[2] because Plaintiff "unduly delayed in seeking leave to amend," Plaintiff's "motion is in bad faith," Plaintiff "had an earlier opportunity to add the proposed new allegations and

---

[2] As an initial matter, Defendant argues that Plaintiff's Motion for Leave is effectively a motion for reconsideration because Plaintiff's Opposition to Defendant's Motion to Dismiss included requests for leave to amend to include the three additional exclusions alleged in the proposed Second Amended Complaint. (*See* Opp'n to Mot. for Leave at 1 n.1; *see also* Dkt. No. 29 at 29–30 n.15 (requesting leave to amend in a footnote, without addressing the *Foman* factors).) The Court, however, did not address Plaintiff's incomplete requests in its Order granting Defendant's Motion to Dismiss. (*See generally* Dkt. No. 32.) As such, the Court disagrees that this is a motion for reconsideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | January 8, 2016 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

causes of action when it filed its First Amended Complaint," and Defendant "will be prejudiced by being forced to defend himself on multiple fronts." (Opp'n to Mot. for Leave at 2.) As discussed below, analysis of the *Foman* factors favor granting Plaintiff leave to amend. Despite Defendant's arguments otherwise, the Court does not make any specific finding of prejudice or bad faith that would justify denial of Plaintiff's Motion for Leave to File a Second Amended Complaint. *See DCD Programs, Ltd.*, 833 F.2d at 186–87.

### 1.    Undue Delay

The Court may consider whether Plaintiff unduly delayed in seeking leave to amend. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citing *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988)). Defendant argues that the Court should deny Plaintiff's Motion for Leave because Plaintiff "knew all of the relevant facts on which its proposed amendments are based before its original complaint was filed." (Opp'n to Mot. for Leave at 3.)

Although the Ninth Circuit has explained that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action," *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986), this is not a "late amendment." *Cf. id.* at 1395, 1398 (seeking leave to amend complaint "as a tactical choice" to add cause of action after oral argument on summary judgment motion, but before the district court granted the motion). When Plaintiff moved to amend, the case had been pending for less than six months. (*See* Dkt. Nos. 1, 37.) The parties have not yet conducted discovery. Nor has the Court issued a scheduling order in this case setting forth a deadline to amend the pleadings.

Moreover, without a showing of some other basis for denying leave to amend, such as undue prejudice or bad faith, "courts have generally granted leave to litigants even though they should have anticipated 'the facts and theories raised by the amendment' at an earlier stage in the litigation, and cannot otherwise justify their delay in seeking leave to amend." *Dep't of Fair Emp't & Hous. V. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *4 (N.D. Cal. Feb. 6, 2013) (quoting *Jackson*, 902 F.2d at 1388); *see also Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|---|---|---|---|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."). Accordingly, the first *Foman* factor favors granting leave to amend.

### 2. Evidence of Plaintiff's Bad Faith or Dilatory Motive

Defendant similarly argues that Plaintiff acted in bad faith where "AIG admits knowing the facts and knowing its coverage defenses at the time it filed this lawsuit," and "made the conscious decision not to assert those defenses in either its original Complaint or its First Amended Complaint," and instead relied "on the Sexual Misconduct Exclusion 'because it believed that these issues could be resolved as a matter of law without the necessity of discovery between the parties or the need to address any other policy exclusions.'"  (Opp'n to Mot. for Leave at 6–7 (quoting Mot. for Leave at 6).)

The Ninth Circuit has explained that "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).  That is not the case here.  Plaintiff's reason for relying on the sexual misconduct exclusion may have been strategic, but it is not evidence of Plaintiff's bad faith or trickery.  As previously mentioned, this case is in its early stages.  Plaintiff does not merely seek to prolong the litigation; and, as discussed further below, Plaintiff's amendments would not be futile.  (*See* discussion *infra* Section IV.A.5.)

### 3. Repeated Failures to Cure Deficiencies by Previous Amendments

Defendant claims that Plaintiff had two opportunities to include claims based on the Wrongful Acts, Business Pursuits, and Controlled Substances exclusions—when Plaintiff filed its original complaint, and when Plaintiff filed a First Amended Complaint. (Opp'n to Mot. for Leave at 8.)  Defendant maintains that the Court should deny Plaintiff's Motion for Leave because Plaintiff had these earlier opportunities to cure a defect in its complaint, but failed to do so.  (*Id.* at 7–8.)  This argument is similar to Defendant's claims regarding undue delay and bad faith.  (*See* discussion *supra* Sections IV.A.1, IV.A.2.)

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | January 8, 2016 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

The Court notes that although Plaintiff has filed two complaints, Plaintiff has not properly[3] sought leave of this Court to file an amended complaint until Plaintiff filed the instant Motion.  Plaintiff filed its First Amended Complaint "as a matter of course."  (*See* Dkt. No. 15.)  The Ninth Circuit has described the situation where a "prior opportunity to amend [has] been given": when "the district court [gives] Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs [do] not comply."  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013); *see also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995) (noting that plaintiff had already amended the complaint twice, and "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint" (internal quotations omitted)).  The evidence before the Court does not suggest that Plaintiff has failed to cure deficiencies. (*See also* discussion *infra* IV.A.5 (finding that Plaintiff's proposed amendments would not be futile).)  As such, this factor also weighs in favor of granting leave to amend.

### 4.    Undue Prejudice to Defendant

The Court may also consider whether the proposed amendments will prejudice the opposing party.  Of all the *Foman* factors, prejudice carries the greatest weight and must guide the Court's decision to grant or deny leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.  Defendant, the party opposing amendment, bears the burden of demonstrating prejudice here.  *See DCD Programs, Ltd.*, 833 F.2d at 187.

Defendant argues that allowing Plaintiff to amend its complaint to include three additional claims "would cause substantial prejudice" for two reasons.  (Opp'n to Mot. for Leave at 8.)  First, Defendant refers to the "prejudice [that] occurs when [an] insured is compelled to fight a two-front war, doing battle with the plaintiffs in the third party litigation while at the same time devoting its money and its human resources to litigating coverage issues with its carriers."  (*Id.* (quoting *Montrose Chem. Corp. v. Superior Court*, 25 Cal. App. 4th 902, 909–10 (Cal. Ct. App. 1994)).)  Defendant also claims that he will be prejudiced because of the time and expense of defending three new causes of action. (*Id.* at 8–9.)

---

[3] (*See* fn. 2, *supra*.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04842-BRO (RAOx) | Date | January 8, 2016 |
|----------|------------------------|------|-----------------|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

The Court is not persuaded that either of Defendant's assertions demonstrate prejudice sufficient to deny Plaintiff's Motion for Leave. *See DCD Programs, Ltd.*, 833 F.2d at 187. While *Montrose* recognizes a "sort of prejudice," the prejudice identified in that case did not relate to the prejudice examined in connection with a motion for leave to amend a complaint. *See Montrose*, 25 Cal. App. 4th at 910. Rather, the prejudice described by *Montrose* exists in any case where there is "concurrent litigation of the declaratory relief and third party actions," *id.* at 909, and likely existed when Plaintiff filed the initial complaint in this action. As Plaintiff suggests, "the remedy for such prejudice is obvious: a motion to stay under" *Montrose*. (Reply in Supp. of Mot. for Leave at 7.)

Defendant cites no legal authority in support of his proposition that he would be prejudiced by defending additional causes of action such that denial of Plaintiff's request for leave to amend is warranted. (*See* Opp'n to Mot. for Leave at 8–9.) If Defendant's claim were true, no party could move for leave to amend its complaint to add new causes of action—the additional claims would certainly always require additional time and expense to the detriment of the party opposing amendment. *See Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509 n.2 (N.D. Cal. 2011) ("Generally, the issue is not whether the defendant would be required to engage in additional work in response to newly amended claims. The question is what incremental prejudice results from the *delay* in asserting those claims (*e.g.*, in ability to complete discovery because of approaching trial date).") Defendant fails to meet his burden of demonstrating prejudice; this *Foman* factor weighs heavily in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

### 5.    Futility of Amendment

The Court may deny leave to amend if the proposed amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining the legal sufficiency of a proposed amendment, the Court applies the same standard as the one used when considering the sufficiency of a pleading challenged under a Rule 12(b)(6) motion to dismiss. *Id.* The party opposing amendment "bears the burden of showing

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 15-04842-BRO (RAOx) | Date | January 8, 2016 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986).

Plaintiff seeks to allege that three additional exclusions apply to preclude coverage under the Policies: the Intentional Acts, Business Pursuits, and Controlled Substances exclusions. Defendant states that he "does not believe" that the "proposed additional causes of action are meritorious," but he does not argue that Plaintiff's proposed amendments would be futile. (Opp'n to Mot. for Leave at 2 n.2.) Instead, Defendant relies on the fact that "'futility' is only one of several factors that can warrant denial of a motion for leave to amend." (*Id.*)

Without any legal justification regarding why Defendant "believe[s]" the proposed amendments are unmeritorious, the Court is satisfied that Plaintiff's amendments would not be futile. Plaintiff's proposed Second Amended Complaint alleges that the Policies contain exclusions for: (1) Intentional Acts ("[p]ersonal injury or property damage resulting from any criminal, willful, intentional or malicious act or omission by any person"); (2) Business Pursuits ("[p]ersonal injury or property damage arising out of an insured person's business property or business pursuits, investment activity or any activity intended to realize a profit for either an insured person or others"); and, (3) Controlled Substances ("[p]ersonal injury or property damage arising out of the use, sale, manufacture, delivery or transfer or possession of a Controlled Substance(s)"). (Prop. SAC ¶¶ 14, 23, 32.)

Plaintiff's proposed fourth cause of action seeks declaratory relief as to non-coverage based upon the Intentional Acts exclusion. (Prop. SAC ¶¶ 68–74.) Intentional Acts exclusions exempt from coverage "expected or intended damage" and "a specific intent on the part of the insured to cause all the resultant damage is not required." *Reagan's Vacuum Truck Serv., Inc. v. Beaver Ins. Co.*, 31 Cal. App. 4th 375, 388 (Cal. Ct. App. 1994); *see also City of Newton v. Krasnigor*, 404 Mass. 682, 687 (Mass. 1989). In the underlying action, Dickinson brings a claim of intentional infliction of emotional distress. (*Dickinson* FAC ¶¶ 84–90.) She alleges that Defendant "knows that he drugged and raped" Dickinson and consequently "knew that the statements" in the "Defamatory Press Statements were false." (*Dickinson* FAC ¶ 54.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|----------|----------------------------|------|-----------------|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

Dickinson also asserts that Defendant is an "internationally known comedian, actor and author," and that he made a particular statement on January 8, 2015, while performing at a comedy show in Ontario, Canada that intended to "mock, insult, demean and humiliate" Dickinson. (*Dickinson* FAC ¶¶ 11, 33.) These allegations could reasonably fall under the Business Pursuits exception, upon which Plaintiff's proposed fifth cause of action is based. (Prop. SAC ¶¶ 75–80.) *See Cal. Ins. Guar. Ass'n v. Wood*, 217 Cal. App. 3d 944, 948–49 (Cal. Ct. App. 1990); *Metro. Prop. & Cas. Ins. v. Fitchburg Mut. Ins. Co.*, 58 Mass. App. Ct. 818, 823 (Mass Ct. App. 2003).

Finally, Plaintiff's proposed sixth cause of action seeks declaratory relief as to non-coverage based upon the Controlled Substances exclusion. (Prop. SAC ¶¶ 81–87.) Dickinson claims that Defendant "offered [Dickinson] a pill" and thereby "deceived [Dickinson] into consuming a narcotic that heavily sedated her." (*Dickinson* FAC ¶¶ 18, 20.) Making all reasonable inferences in favor of Plaintiff, coverage could be precluded by the Controlled Substances exclusion. Plaintiff's three proposed causes of action are not futile, and this final *Foman* factor favors granting Plaintiff leave to amend.

Because all of the applicable *Foman* factors weigh in favor of granting Plaintiff leave to amend, the Court **GRANTS** Plaintiff's Motion for Leave to File its Second Amended Complaint.

**B.      Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) and/or for Certification of Immediate Appeal Under 28 U.S.C. § 1292(b)**

Plaintiff requests that the Court enter final judgment under Rule 54(b) "and/or" for certification of immediate appeal under 28 U.S.C. § 1292(b). But such an alternative request is improper because, as discussed below, Rule 54(b) and § 1292(b) apply in distinct circumstances. Rule 54(b) applies here "where the district court has entered a final judgment as to particular claims," namely dismissal of Plaintiff's first and third cause of action with prejudice, "yet that judgment is not immediately appealable because other issues in the case remain unresolved," such as Plaintiff's second cause of action, and now that the Court grants Plaintiff's Motion for Leave to Amend, Plaintiff's fourth through sixth causes of action. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The Court's order granting Defendant's Motion to Dismiss is not an

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-04842-BRO (RAOx) | Date | January 8, 2016 |
|---|---|---|---|
| Title | AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL. | | |

interlocutory order.  As such, the Court **DENIES** Plaintiff's alternative Motion for Certification of Immediate Appeal Under 28 U.S.C. § 1292(b).

In assessing whether "there is no just reason for delay" under Rule 54(b), district courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).  Proper factors for Rule 54(b) review include: "whether the claims for review [are] separable from the others . . . and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once."  *Id.*

The Court is not convinced that there is no overlap "in any way" between Plaintiff's dismissed first and third causes of action and Plaintiff's fourth through sixth causes of action.  In fact, Plaintiff points out that the Controlled Substances and Business Pursuits exclusions also employ the phrase "arising out of."  (Mot. for Final J. at 7.)  But then Plaintiff presumes that "the prosecution of one or both of the causes of action addressing [the Controlled Substances and Business Pursuits] exclusions will likely be stayed."  (*Id.*)  This hypothetical assumes: (1) that Defendant will file a motion to stay; and, (2) that the Court will grant a motion (or stipulation) to stay.  Neither of these scenarios have occurred.

Plaintiff once again relies on its "stay" hypothetical to argue that equitable factors weigh in favor of entry of final judgment.  (*See* Mot. for Final J. at 7–8 ("[I]f the Court grants AIG Property leave to amend to allege the 'intentional acts,' 'controlled substances' and 'business pursuits' exclusions and Cosby's [sic] successfully moves to stay the adjudication of any of those causes of action, resolution of those stayed claims will not occur until after the resolution of the *Dickinson* action . . . .").)  The Court will not rely on such conjectures to find that there is no just reason for delay under Rule 54(b); there is no motion or stipulation to stay presently before this Court.

Nor does Plaintiff take into account the burden on this Court that would result from piecemeal litigation of this action.  *See Curtiss-Wright Corp.*, 446 U.S. at 8 ("Consideration of [judicial administrative interests] is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956))).  The Court further finds that the appeal should be delayed so that the Court of Appeals can

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 15-04842-BRO (RAOx)** | Date | January 8, 2016 |
|---|---|---|---|
| Title | **AIG PROPERTY CASUALTY COMPANY V. WILLIAM H. COSBY ET AL.** | | |

analyze all exclusions of the policy at the same time.  The Court accordingly **DENIES** Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b).

### V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Final Judgment and **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint.  Plaintiff shall file a copy of its proposed Second Amended Complaint **no later than 4:00 p.m. on Wednesday, January 13, 2016**.

The hearing set for Monday, January 11, 2016 is VACATED.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |