Lisa Bloom, Esq. (SBN: 158458)
Jivaka Candappa (SBN: 225919)
Alan Goldstein (SBN: 296430)
**THE BLOOM FIRM**
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91364
Telephone: (818) 914-7361
Facsimile: (866) 852-5666
Email:  Lisa@thebloomfirm.com
        Jivaka@thebloomfirm.com
        Avi@thebloomfirm.com
Attorneys for Defendant Janice Dickinson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY,<br><br>               Plaintiff,<br><br>     v.<br><br>WILLIAM H. COSBY and JANICE DICKINSON,<br><br>               Defendants. | Case No. 2:15-cv-04842-BRO-RAO<br><br>**DEFENDANT JANICE DICKINSON'S ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**<br><br>Judge: Hon. Beverly Reid O'Connell<br><br>Complaint Filed: June 26, 2015 |

Defendant Janice Dickinson, by and through her undersigned counsel, hereby answers Plaintiff AIG's Second Amended Complaint for Declaratory Relief ("AIG Complaint") in the captioned matter as follows:

1. Paragraph 1 references the nature of the Complaint that speaks for itself and no response is required. To the extent a response is required, it is denied.

2. Defendant Dickinson has no basis to know whether Plaintiff AIG Property is a corporation incorporated with its principal place of business in New York, New York. Accordingly, Defendant Dickinson is unable to admit or deny the contents of Paragraph 2.

3. Defendant Dickinson has no basis to know whether Defendant Cosby is a citizen and resident of the State of Massachusetts. Accordingly, Defendant Dickinson is unable to admit or deny the contents of Paragraph 3.

4. Defendant Dickinson admits that she is a citizen of the State of California and domiciled in the County of Los Angeles.

5. Defendant Dickinson admits the controversy exceeds the sum of $75,000. However, Defendant Dickinson does not know if the AIG-initiated litigation involves diverse parties. Accordingly, Defendant Dickinson is unable to admit or deny whether the United States District Court for the Central District of California has original jurisdiction over the case or controversy before this Court.

6. Paragraph 6 of the Complaint is vague and ambiguous as to "substantial part of the events giving rise to this action." To the extent that "events giving rise to this action" pertain to Defendant Cosby's act of making defamatory statements, Defendant Dickinson admits a substantial part of the events occurred in this judicial district. Defendant Dickinson admits filing and maintaining a pending action against Defendant Cosby in this judicial district for claims of defamation, false light, and intentional infliction of emotional distress. Defendant is unable to admit or deny if Defendant Cosby sought coverage under policies of insurance issued by Plaintiff AIG.

7. Defendant Dickinson admits Defendant Cosby is party to another lawsuit pending in California. However, Defendant is unable to admit or deny whether Defendant Cosby is subject to the court's personal jurisdiction by virtue of having pending litigation against him in this district.  Defendant Dickinson admits she is a resident of California, and therefore subject to the Court's personal jurisdiction, assuming the Court has subject matter jurisdiction over this case.

8. Defendant Dickinson admits that this Court is authorized to enter declaratory judgments.

9. Paragraph 9 references policy provisions that are self-explanatory and no response is required. Without reviewing the un-redacted versions of the Massachusetts Policy, Defendant Dickinson is unable to admit or deny that the redacted portions of the Massachusetts Policy merely remove private information immaterial to the issues of this case.

10. Paragraph 10 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

11. Paragraph 11 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

12. Paragraph 12 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

13. Paragraph 13 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

14. Paragraph 14 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

15. Paragraph 15 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

16. Paragraph 16 references policy provisions that are self-explanatory and no response is required. To the extent a response is required, it is denied.

17. Paragraph 17 references policy information that, other than the redacted information, is self-explanatory and no response is required. Without reviewing an un-redacted version of the California Policy, Defendant Dickinson is unable to admit or deny that 1500 ******** LLC is the only entity or individual covered under the California Policy. For the same reason, Defendant Dickinson is unable to admit or deny that redacted portions of the California Policy merely remove sensitive information regarding insured locations and premiums paid.

18. Paragraph 18 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

19. Paragraph 19 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

20. Paragraph 20 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

21. Paragraph 21 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

22. Paragraph 22 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

23. Paragraph 23 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

24. Paragraph 24 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

25. Paragraph 25 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

26. Paragraph 26 references policy information that is self-explanatory and no response is required. Without reviewing an un-redacted version of the PEL Policy, Defendant Dickinson is unable to admit or deny that redacted portions of the PEL Policy merely remove sensitive information regarding insured locations and premiums paid.

27. Paragraph 27 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

28. Paragraph 28 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

29. Paragraph 29 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

30. Paragraph 30 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

31. Paragraph 31 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

32. Paragraph 32 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

33. Paragraph 33 references policy information that is self-explanatory and no response is required. To the extent a response is required, it is denied.

34. Defendant Dickinson admits that on May 20, 2015, Dickinson filed a civil complaint against Cosby in Los Angeles Superior Court, Case No. BC580909, entitled *Janice Dickinson v. William H. Cosby, Jr.* and that on November 16, 2015, Dickinson filed a first amended complaint.

35. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 35 in AIG's Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

36. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 36 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

37. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 37 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

38. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 38 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

39. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 39 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

40. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 40 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

41. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 41 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

42. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 42 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

43. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 43 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

44. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 44 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

45. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 45 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

46. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 46 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

THE BLOOM FIRM

DEFENDANT DICKINSON'S ANSWER
TO SECOND AMENDED COMPLAINT

*AIG v Cosby and Dickinson*
CASE NO: 2:15-CV-04842-BRO-RAO

6

47. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 47 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

48. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 48 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

49. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 49 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

50. Defendant Dickinson is unable to admit or deny whether Defendant Cosby tendered his defense to AIG Property and whether AIG Property accepted tender of Defendant Cosby's defense. Defendant Dickinson denies that "the claims against Cosby are barred by exclusions in the Massachusetts, California and PEL Policies and the California Policy does not provide liability coverage to Cosby as an 'insured person.'"

51. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

## FIRST CAUSE OF ACTION

**(Declaratory Relief Against All Defendants as to Non-Coverage of Allegations of Sexual Molestation, Misconduct and Abuse)**

52. Paragraph 52 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

53. Defendant Dickinson denies that the Massachusetts and California Policies do not provide coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.* The claims asserted by Dickinson against Cosby consist only of defamation, false light and intentional infliction of emotional distress in light of certain defamatory statements made by Defendant Cosby. Defendant

Dickinson has **not** asserted claims for "sexual molestation or corporal punishment" to which an exclusion may apply under the policies at issue.

54. Defendant Dickinson denies that the PEL Policy does not provide coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.* The claims asserted by Dickinson against Cosby consist only of defamation, false light and intentional infliction of emotional distress in light of certain defamatory statements made by Defendant Cosby. Defendant Dickinson has **not** asserted claims for "sexual misconduct" to which an exclusion may apply under the policies at issue.

55. Defendant Dickinson denies that the "above quoted exclusion in paragraphs 53-54" apply to preclude coverage for the claims asserted in Case No. BC580909, *Janice Dickinson v. William H. Cosby, Jr.*

56. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

57. Paragraph 57 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress. Defendant Dickinson further denies the allegations set forth in paragraphs 53 through 57 of AIG Property's Second Amended Complaint on the basis of the Court's November 13, 2015, Order dismissing with prejudice the AIG's First Cause of Action.

## SECOND CAUSE OF ACTION

**(Declaratory Relief as to the California Policy Against All Defendants)**

58. Paragraph 58 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

59. Defendant Dickinson denies that Cosby is not qualified as an "insured person" under the California Policy.

60. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

61. Paragraph 61 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

## THIRD CAUSE OF ACTION

### (Reimbursement/Unjust Enrichment/Restitution Re: Defense Fees and Costs Against Defendant Cosby)

### (Dismissed By Court Order On November 13, 2015; Answered On Basis Of Plaintiff's Preservation of Rights)

62. Paragraph 62 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

63. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

64. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights.

65. Defendant Dickinson denies that the subject policy excludes coverage for Dickinson's claims against Cosby. The policy does not exclude claims for defamation, false light and intentional infliction of emotional distress.

66. Defendant Dickinson is unable to admit or deny whether AIG Property accepted tender of Cosby's defense under a reservation of rights; Defendant Dickinson is unable to admit or deny whether Cosby has been unjustly enriched.

67. Defendant Dickinson is unable to admit or deny whether Defendant Cosby obtained or will obtain an unjust enrichment at the expense of AIG Property. Defendant Dickinson further denies the allegations set forth in paragraphs 63 through 67 of AIG Property's Second Amended Complaint on the basis of the Court's November 13, 2015, Order dismissing with prejudice the AIG's Third Cause of Action.

# FOURTH CAUSE OF ACTION

(<u>Declaratory Relief Against All Defendants As To Non-Coverage Based Upon Intentional Act(s) Exclusions</u>)

68. Paragraph 68 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

69. Defendant Dickinson denies that the Massachusetts and California Policies exclude coverage for Dickinson's claims against Cosby. The policies do not exclude claims for defamation, false light and intentional infliction of emotional distress.

70. Defendant Dickinson denies that the PEL Policy excludes coverage for Dickinson's claims against Cosby. The policy does not exclude claims for defamation, false light and intentional infliction of emotional distress.

71. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 71 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

72. Defendant Dickinson denies that the "above quoted exclusion in paragraphs 69-70" apply to preclude coverage for the claims asserted in *Janice Dickinson v. William H. Cosby, Jr.*

73. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

74. Paragraph 74 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

///
///
///
///

# FIFTH CAUSE OF ACTION

(Declaratory Relief Against All Defendants As To Non-Coverage Based Upon Business Pursuits Exclusions)

75. Paragraph 75 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

76. Defendant Dickinson denies that the Massachusetts, California and PEL Policies exclude coverage for Dickinson's claims against Cosby. The policies do not exclude claims for defamation, false light and intentional infliction of emotional distress.

77. Defendant Dickinson admits that the allegations cited to by AIG in Paragraph 71 of the AIG Complaint were pled by Defendant Dickinson in her civil complaint against Defendant Cosby.

78. Defendant Dickinson denies that the Massachusetts, California and PEL Policies exclude coverage for Dickinson's claims against Cosby. The policies do not exclude claims for defamation, false light and intentional infliction of emotional distress.

79. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

80. Paragraph 80 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

# SIXTH CAUSE OF ACTION

(Declaratory Relief Against All Defendants As To Non-Coverage Based Upon Controlled Substances Exclusions)

81. Paragraph 81 incorporates by reference prior allegations and no response is required. To the extent a response is required, it is denied.

82. Defendant Dickinson denies that the Massachusetts and California Policies exclude coverage for Dickinson's claims against Cosby. The policies do not exclude claims for defamation, false light and intentional infliction of emotional distress.

83. Defendant Dickinson denies that the PEL Policy excludes coverage for Dickinson's claims against Cosby. The policies do not exclude claims for defamation, false light and intentional infliction of emotional distress.

84. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

85. Defendant Dickinson denies that the "above quoted exclusion in paragraphs 82-83" apply to preclude coverage for the claims asserted in *Janice Dickinson v. William H. Cosby, Jr.*

86. Defendant Dickinson admits that she disputes AIG Property's contentions and asserts that these exclusions do not apply to preclude coverage.

87. Paragraph 87 references Plaintiff's request for declaratory relief that is self-explanatory and no response is required. To the extent a response is required Defendant Dickinson denies that the subject policy excludes claims for defamation, false light and intentional infliction of emotional distress.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST AFFIRMATIVE DEFENSE, Plaintiff fails to state facts sufficient to constitute grounds to grant the costs of suit incurred herein;

2. AS FOR A SECOND AFFIRMATIVE DEFENSE, Plaintiff fails to state facts, legal authority or other basis sufficient to entitle Plaintiff to recover attorney's fees or for any other relief.

Defendant Dickinson reserves the right to modify her answer and/or assert further affirmative defenses should she become aware of additional defenses during the course of discovery, as set forth in Rule 8 of the Federal Rules of Civil Procedure.

# PRAYER FOR RELIEF

WHEREFORE, Defendant Dickinson prays for the following relief:

1. That the Court deny Plaintiff the relief sought in Plaintiff's Second Amended Complaint;

2. For Defendant Dickinson's costs of suit;

3. For Defendant Dickinson's attorney's fees;

4. For such further relief as this Court may deem just and proper.

Date: February 1, 2016

Respectfully submitted,
THE BLOOM FIRM

By: /s/ Alan Goldstein
Alan Goldstein
Attorney for Defendant,
Janice Dickinson

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I electronically filed: **DEFENDANT DICKINSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** and this certificate of service using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| James P. Wagoner, Esq.<br>*jim.wagoner@mccormickbarstow.com*<br>McCormick, Barstow, Sheppard, Wayte & Carruth LLP | Attorneys for Plaintiff,<br>AIG Property Casualty Co. |
| Lejf E. Knutson, Esq.<br>*lejf.knutson@mccormickbarstow.com*<br>McCormick, Barstow, Sheppard, Wayte & Carruth LLP | Attorneys for Plaintiff,<br>AIG Property Casualty Co. |
| Graham Van Leuven, Esq.<br>*graham.vanleuven@mccormickbarstow.com*<br>McCormick, Barstow, Sheppard, Wayte & Carruth LLP | Attorneys for Plaintiff,<br>AIG Property Casualty Co. |
| Rebecca R. Weinreich, Esq.<br>*weinreich@lbbslaw.com*<br>Lewis Brisbois Bisgaard and Smith LLP | Attorney for Plaintiff,<br>AIG Property Casualty Co. |
| Stephen V. Kovarik, Esq.<br>*kovarik@lbbslaw.com*<br>Lewis Brisbois Bisgaard and Smith LLP | Attorney for Plaintiff,<br>AIG Property Casualty Co. |
| Kirk A. Pasich, Esq.<br>*kpasich@linerlaw.com*<br>Liner LLP | Attorneys for Defendant,<br>William H. Cosby |
| Kimberly Ann Umanoff, Esq.<br>*kumanoff@linerlaw.com*<br>Liner LLP | Attorneys for Defendant,<br>William H. Cosby |

DATED: February 1, 2016

*/s/ Alan Goldstein*
Alan Goldstein
THE BLOOM FIRM
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91436